PER CURIAM.
Appellant as defendant was forced to defend an action brought by his tenant. The action sought to cancel a deed from the tenant to the defendant landlord and a ninety-nine year lease from the landlord to the tenant. The ground of the complaint was a charge of usury. The appellant, anticipating a successful defense, counterclaimed for attorney’s fees for the defense of the attack upon the lease. The fees were claimed under paragraph “6” of the lease, which is in part:
“The Lessees shall furthermore pay the Lessors all costs of court and reasonable attorney’s fees which the Lessors are required to pay or pays, or is obligated to pay, in connection with obtaining compliance with or the enforcement of this lease agreement by reason of the failure of the Lessees to promptly observe and keep all of the conditions, covenants and agreements of the Lessees in this lease agreement set forth and contained.”
We have had occasion to point out in Wing, Incorporated v. Arnold, Fla.App. 1958, 107 So.2d 765, 769, 77 A.L.R.2d 728, the following:
“This suit was brought for the dual purpose of enforcing a provision under which the lease could be terminated for a default by the lessee, and for a determination that the option to purchase granted to the lessee was invalid. The latter effort did not come within the covenant as to fees, in that it sought to invalidate rather than to enforce a provision of the lease. The former, while it sought to enforce a right incident to a default, lost its character for the purposes of the attorney fees contract, when the trial court absolved the lessee of the default, which had been charged against it as a basis for the attempted cancellation of the lease. We construe the provision of the lease relating to attorney fees, as quoted hereinabove, as being incident to the *25 establishment of a default and for a proceeding based thereon. See Robinson v. Feltus, Fla.1953, 68 So.2d 815; Selman v. Bryant, 261 Ala. 53, 72 So.2d 704, 709; Arnot v. Union Salt Co., 186 N.Y. 501, 79 N.E. 719. That requirement for the existence or establishment of an actionable default was not met by the plaintiff-appellee; and since a basis for the awarding of attorney fees was lacking, the decree must be reversed to that extent.
“The decree appealed from is affirmed as against the cross assignments of •error, and reversed on the appeal of the lessee challenging the allowance of attorney’s fees, and the cause is remanded for the entry of an order modifying the decree accordingly.”
The action in the instant case sought to avoid the lease and the defense of the transaction out of which the lease arose did not give rise to a right to attorney’s fees.
Affirmed.