281 So.2d 234 (1973)
NEWPORT MOTEL, INC., Appellant,
v.
COBIN RESTAURANT, INC., Appellee.
No. 72-849.
District Court of Appeal of Florida, Third District.
June 26, 1973.
Rehearing Denied August 27, 1973.
*235 Sibley, Giblin, Levenson & Ward, Miami Beach, for appellant.
Cassel & Benjamin, Miami, Gubman & Sitomer, New York City, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant was the defendant in an action brought by its tenant to compel performance of the lease between the parties. The landlord appeals the final judgment which among other things confirmed an arbitration award and granted the tenant's petition for attorney's fees under an agreement contained in the lease. The two questions presented by this appeal are: (1) Was interest improperly allowed upon the amounts found due under a lease? (2) Was the attorney's fee allowed excessive?
The question as to the interest allowed must be decided without a discussion of the law applicable to interest upon amounts found to be due under a lease because the interest was a part of an award by arbitration. If an error of law was made, it was an error of the arbitrators. It appears to be settled that under the provisions of § 682.13(1)(e), Fla. Stat., F.S.A., an award of arbitration may not be reversed for a mistake of law. Florida Yacht Club v. Renfroe, 67 Fla. 154, 64 So. 742 (1914); Johnson v. Wells, 72 Fla. 290, 73 So. 188 (1916); Carol City Utilities, Inc. v. Gaines Construction Co., Fla.App. 1967, 201 So.2d 242; Weeki Wachee Orchid Gardens, Inc. v. Florida Inland Theatres, Inc., Fla.App. 1970, 239 So.2d 602.
A history of this litigation is necessary for a consideration of the point addressed to the amount of the attorney's fee allowed. The fee was allowed by the trial court because of a provision in the lease which was the basis of the litigation. The provision was:
"11. In the event LESSEE shall be required to compel performance by LESSOR of LESSOR'S covenants herein thru suit in a Court of competent jurisdiction, then the LESSOR shall be liable for costs and expenses thereof, including a reasonable attorneys' fee, if the LESSEE prevails therein."
The long history of this case began on August 5, 1968 when appellee who was appellee's *236 tenant filed a complaint for specific performance, to compel arbitration, for injunction and for other relief. Attached to the complaint was a fifty-odd page lease between the parties. The complaint alleged a planned attack upon appellee for the purpose of forfeiting its tenancy, a refusal to follow the arbitration provisions of the lease, and demands upon the appellee for immediate payment of $104,000.00 as an alternative to forfeiture. Appellee was awarded an immediate injunction and several months later secured an order compelling arbitration. In April of 1969, appellee was compelled to again secure the protection of the court from a claimed forfeiture because of appellant's claim for a payment of $56,000.00. The parties could not agree as to the issues to be arbitrated and these issues were determined by the court upon petition and counter-petition. The appellant requested court interpretation of the lease and the appellees secured an order for arbitration as to additional matters. Appellee's petition to preserve the status quo was denied and an appeal to this court was taken and certiorari to the Supreme Court from that decision was denied. See Cobin Restaurant, Inc. v. Newport Motel, Inc., Fla.App. 1972, 264 So.2d 125, cert. denied, Fla. 1972, 268 So.2d 907.
On February 9, 1972, the arbitration findings and award were filed. The award covered 12 points in controversy and resulted in a money award to the appellee of $315,239.36. The award also preserved appellee's leasehold. The appellant excepted to the report and filed a "Petition to Reconsider". The trial judge confirmed the report in its entirety.
At a hearing set for the purpose of considering appellee's petition for attorney's fee pursuant to the lease and appellant's motion to quash the petition, the appellee presented the testimony of an attorney who testified under cross-examination by appellant's counsel that just to file and get the matter referred to arbitration under the statute, in the case at bar, the fee justified would be $10,000.00. It was further this attorney's testimony that a subsequent motion to confirm the arbitration award and to secure a judgment of the court on the award would entitle appellee to an additional fee of $15,000.00. But the attorney also testified that involved in the case at bar was a constant required effort on the part of counsel for the appellee to preserve a valuable leasehold, against constant attempts by the appellant to declare the lease in default, requiring numerous hearings, requests for injunctions, and instant response to prevent a default from occurring. The witness testified that a reasonable fee for the entire proceedings including the arbitration hearing was $100,000.00; the witness further testified that the services rendered in the arbitration proceedings themselves was between $25,000.00 to $50,000.00, leaving $50,000.00 to $75,000.00 of the overall reasonable fee to be apportioned to the courtroom work. The court allowed a fee of $35,000.00. It should be noted that appellant did not present testimony on the question of a proposed fee. The court asked counsel for the appellant, "Do you have anything to say about the reasonableness of the fee, bypassing the right to have a fee for the moment?" Counsel for the appellant replied, "I, frankly, Your Honor, would argue the other question. I have no comment, really, on the testimony."
We conclude that the amount of the fee allowed by the court was not an abuse of discretion.
Affirmed.
CARROLL, Judge (concurring in part and dissenting in part).
I concur in the decision of the court on the question relating to interest. I am impelled to dissent from the majority's affirmance of the allowance of $35,000 to the lessee, for the services of its attorneys in resorting to the court to enforce the covenant *237 in the lease for arbitration of disputes of the parties thereunder, and obtaining an order restraining the lessor from ousting the lessee on grounds which were disputed and the subject of arbitration, and for obtaining an order confirming the arbitration award and entry of judgment thereon.
In view of the agreement by the parties in the written lease for arbitration of disputes, the services of the lessee's attorneys in applying for and obtaining an order for arbitration of existing disputes thereunder were little more than perfunctory, in the absence of circumstances or equitable considerations for which the agreement for arbitration could be held to be inoperative, of which none appeared. This is so because of the provisions of §§ 682.02 and 682.03(1) Fla. Stat., F.S.A. Here, in addition, there was a hearing before the court to delineate the issues in dispute for the arbitration, and a further hearing at which some additional issues of dispute were included in the arbitration.
The other court activities in relation thereto were of a simple character, if not perfunctory. One was to obtain an order restraining the lessor from ousting the lessee for claimed breach of the lease based on contentions or grounds which were disputed and which were to be arbitrated. The arbitration statute provides that litigation on disputes which have been agreed to be arbitrated should be stayed pending arbitration. § 682.03(3) Fla. Stat., F.S.A. The obtaining of an order confirming the award of the arbitrators was equally perfunctory. Section 682.12 Fla. Stat., F.S.A. directs the entry of such an order, on application of a party, unless statutory grounds for rejecting or vacating the award are present. None such grounds (as set out in § 682.13 Fla. Stat., F.S.A.) were presented. Further, the entry of judgment on a confirmed arbitration award is automatic, being so directed by § 682.15 Fla. Stat., F.S.A.
Those were the services of its attorneys for which the lessee was entitled to an allowance under the provision of the lease therefor where necessity arose for the lessee to apply to "a court of competent jurisdiction" to enforce a covenant of the lease, which in this instance was the covenant to arbitrate disputes. And the court was not concerned with the services of the lessee's attorneys, in the arbitration proceedings, because the contract for fees as contained in the lease agreement did not provide therefor. See Wing Incorporated v. Arnold, Fla.App. 1958, 107 So.2d 765, 769-770, 77 A.L.R.2d 728.
Here the testimony presented on behalf of the appellee in applying for attorney's fee was to the effect that for making application and obtaining an order for arbitration of the disputes (as covenanted for in the lease) a reasonable attorney's fee would be $10,000, and for applying for and obtaining an order confirming the award and judgment thereon an additional attorney's fee of $15,000 would be reasonable. For the rather simple services involved in applying for and obtaining an order for an agreed arbitration of their dispute under the lease the amount so testified as a reasonable fee would appear excessive; and the figure stated in the evidence as an appropriate fee allowance for obtaining confirmation order on the award and judgment thereon appears patently so. Moreover, the court exceeded those figures and awarded $35,000. I am unable to concur in the majority's approval of that allowance. See Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Brickell v. DiPietro, 152 Fla. 429, 12 So.2d 782, 783; Provus v. Provus, Fla. 1950, 44 So.2d 656, 657; Bosem v. Bosem, Fla.App. 1972, 269 So.2d 758, 764-765.