WALDEN, Judge
(dissenting) :
This appeal involves the rule against perpetuities in its application to an option to purchase real estate contained in a lease.
The trial court held that the option was viable — not barred — and granted specific performance. I would reverse because the option violated the rule against perpetuities and hence was void.
Pertinent portions of the lease as to the term and extensions were:
“The term of this lease shall end on the last day of the 180th full calendar month after such beginning date. Shell shall have option to extend the term of this lease for two additional periods of five years each .... At the end of the original term or any extension of period, if Shell does not exercise its then current option to extend, the term shall be automatically extended from year to year, . . . unless and until either lessor or Shell terminates this lease . ”
The lease proviso as to option was:
“At any time after the first eight years of the original term of this lease or any extension thereof ‘or any tenancy thereafter/ Shell shall have the option to purchase the premises for the appraised value of the premises . . . which option Shell may exercise by notice to lessor.” (Emphasis supplied.)
The underlined portions of the option are significant and most particularly the portion set out in quotes “or any tenancy thereafter.” I think the only paraphrase that can be gained is that the option could *674 be exercised at any time there was a tenancy of the premises between the tenant and the landlord, whether by reason of the terms of the lease or separate, outside and apart from the term and terms of the lease.
The controlling case is Wing, Incorporated v. Arnold, 107 So.2d 765 (3d D.C.A. Fla. 1959), and it forms the basis in law for this dissent. Without making an historical development of the Rule Against Perpetuities it is clear that an option to purchase in a lessee, and exercisable during the term and extensions thereof contained in his lease, is excluded from the operation of the Rule.
And so the very simple question before us is whether the option here could be exercised beyond the term of its lease and beyond the extensions of the term provided in the lease.
I would readily agree with the trial court decision if the option could be exercised only “at any time after the first eight years of the original term of this lease or any extension thereof,” and if it stopped right there. Why ? The answer is because the lease provides for specific terms and specific extensions and, hence, the just quoted provisions of the option would exactly fill all term and extension provisions contained in the lease. This would precisely fit the exception to the Rule prescribed in Wing, Incorporated v. Arnold, supra.
But the option did not stop there — it went further and provided the fatal phrase “or any tenancy thereafter.” Surely the scrivener and the parties to the lease and option intended these words to have some meaning. I construe the words to mean exactly what they say, any tenancy thereafter ! They would fit, just for example, these two situations:
1. If the lease were terminated by reason of breach or otherwise and the tenant held over as a tenant at sufferance.
2. If the lease were terminated and the parties entered into a new lease without option.
In either illustration could it not be correctly said that there was a “tenancy thereafter?” The subsequent tenancy and term thereof in the two illustrations would in nowise stem from or be contained within the terms of the original lease and yet they exactly qualify as a tenancy thereafter (“thereafter” meaning occurring after the termination of the original lease).
For these reasons I respectfully dissent. The option, while exercisable during the term of the lease was by its terms also exercisable afterwards and thus did not qualify as an exception to the Rule as explained in Wing, Incorporated v. Arnold, supra.