573 So.2d 976 (1991)
David KERBEN, Petitioner,
v.
INTERCONTINENTAL BANK, Etc., et al., Respondents.
No. 90-1242.
District Court of Appeal of Florida, Fifth District.
January 24, 1991.
*977 Daniel R. Matthews of Foster & Kelly, Orlando, for petitioner.
Lavinia N. McMillen and Charles R. Stepter, Jr. of Fishback, Dominick, Bennett, Stepter & Ardaman, Orlando, for respondent Intercontinental Bank.
Thomas H. Tukdarian of Mateer, Harbert & Bates, P.A., Orlando, for respondent NCNB National Bank of Florida.
GRIFFIN, Judge.
Petitioner, the plaintiff below, seeks a writ of certiorari to quash an indefinite order of abatement of his civil action against Intercontinental Bank and NCNB National Bank of Florida ("the Banks").
In the action below, petitioner, an attorney, seeks damages from the Banks for wrongfully honoring forty-four allegedly forged checks written on his accounts in the total amount of $587,786.29. The alleged forger was his legal assistant, Cynthia Baignosche. Ms. Baignosche was named as a defendant in the suit and a partial final judgment was entered against her in September, 1989, some eight months prior to entry of the challenged order. Subsequent to the entry of that final judgment, respondent NCNB attempted to take Baignosche's deposition. She repeatedly invoked her Fifth Amendment privilege against self-incrimination even though her deposition had been taken by petitioner on July 10, 1989 and at that time she did answer several questions, including giving testimony that she had never signed checks for petitioner or signed his name on checks. Respondent NCNB filed a motion to compel Baignosche's testimony, arguing that the deponent had previously waived her Fifth Amendment privilege. Baignosche filed a motion for protective order relying on the Fifth Amendment. Respondent NCNB also filed a motion to abate, in which respondent Atico subsequently joined, after petitioner filed an Offer of Judgment directed to NCNB. In their motion, respondents argued that because Baignosche was a key witness in the civil suit, and because a criminal investigation against Baignosche was pending and criminal charges would most likely be brought which, until resolved, would cause Baignosche to continue to invoke her privilege against self-incrimination, respondents were unable to obtain desired discovery and thus were unfairly prejudiced in their defense.
The lower court granted Baignosche's motion for protective order, ruling that she would not be required to testify in the case until she is no longer subject to criminal prosecution. The lower court also granted the motion to abate in its entirety, staying the action below "until the impediments for proceeding ... have been alleviated."
Petitioner contends that the order of abatement, based upon the invocation of the Fifth Amendment by a nonparty witness, was a departure from the essential *978 requirements of law that will cause him harm irremediable on appeal.[1] We agree and grant the writ.
When a plaintiff in a civil action invokes the Fifth Amendment privilege, courts often dismiss the plaintiff's action or strike plaintiff's pleadings. See, e.g., Stockham v. Stockham, 168 So.2d 320 (Fla. 1964); Village Inn Restaurant v. Aridi, 543 So.2d 778 (Fla. 1st DCA 1989); Rollins Burdick Hunter of N.Y., Inc. v. Euroclassics Ltd., Inc., 502 So.2d 959 (Fla. 3d DCA 1987); City of St. Petersburg v. Houghton, 362 So.2d 681 (Fla. 2d DCA 1978). On the other hand, where a defendant has invoked the Fifth Amendment privilege against self-incrimination he will usually not suffer a similar detriment because a defendant is not generally seeking affirmative relief and is before the court involuntarily. See, e.g., Fischer v. E.F. Hutton & Co., Inc., 463 So.2d 289 (Fla. 2d DCA 1984). In such cases, courts will often find it appropriate to stay the lawsuit so that the defendant's assertion of this constitutional right does not preclude him from defending a civil suit.
There is a dearth of authority dealing with the use of a stay based on invocation of the privilege against self-incrimination by a witness in a civil lawsuit. One commentator recently wrote:
Although [the stay] option may be proper when parties invoke the privilege during discovery and the statute of limitations is close to expiration, it would be an undesirable remedy for trial invocations or invocations by nonparties. This remedy would cause increased expense to the parties and delay, perhaps by years, their day in court. For these reasons no court in a reported decision has stayed litigation to counterbalance the effects of invocation of the privilege by a nonparty witness.

Note, Evening the Odds in Civil Litigation: A Proposed Methodology for Using Adverse Inferences When Witnesses Invoke the Fifth Amendment, 42 Vand.L. Rev. 507 (1989) (footnote omitted) (emphasis added). See also, Note, Use of Privilege Against Self-Incrimination in Civil Litigation, 52 Va.L.Rev. 322 (1966).
The lower court apparently decided to abate based on the respondent bank's argument that without the testimony of the defalcating witness they would be "prejudiced" in their entire defense. Although the defendant banks may (or may not) be assisted in their defense of the claim that they paid on forged signatures by the availability of the testimony of the alleged forger, "prejudiced" is too strong a word for the consequences to the defense of Baignosche's refusal to testify. Baignosche's testimony is unlikely to resolve the issue of genuineness of the signatures. The present controversy really centers on the conduct of the bank and petitioner. It is common in a case such as this, where a defalcating employee has successfully devised a check forging scheme, that the employee is completely unavailable in the ensuing bank litigation because he or she has simply disappeared. Here, the banks at least have a sworn statement of Baignosche that she never signed petitioner's name to the checks. The unavailability of Baignosche does not make this lawsuit impossible for either party to try.
Here the dimensions of the challenged order are also relevant to the issue of prejudice to the plaintiff. The order does not simply delay trial of the case for a finite period, it abates the entire action.
When, for whatever reason, a witness is not immediately available, either party might be entitled, in the sound discretion of the court, to appropriate temporary relief, which might include a stay of discovery, or trial, for some reasonable and finite time. The least intrusive means should be used, however, and the plaintiff's legitimate need to proceed expeditiously must be given weight. Arden Way Assoc. v. Boesky, 660 F. Supp. 1494 (S.D.N.Y. 1987). *979 Here, however, we can find nothing in the record to indicate the duration of this abatement. To abate this action indefinitely based solely on the ground that a key witness is "unavailable" to the defendant is an abuse of the trial court's broad discretion and departs from the essential requirements of law.
WRIT GRANTED; ORDER QUASHED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Petitioner also argues that the trial court improperly extended respondent NCNB's time for acceptance of petitioner's Offer of Judgment, contrary to Rule 1.442, Florida Rules of Civil Procedure. Because of our conclusion that the action was improperly abated, it appears this issue is moot.