587 So.2d 1374 (1991)
ASPEN INVESTMENTS CORPORATION, Appellant,
v.
Helen E. HOLZWORTH, David Fraser, et al., Appellees.
No. 90-2914.
District Court of Appeal of Florida, Fourth District.
October 2, 1991.
Rehearing Denied November 20, 1991.
*1375 Gerald J. Houlihan, Norman Davis, Miguel M. de la O of Steel Hector and Davis, Miami, for appellant.
Layne Verebay and Bruce H. Freedman of Freedman & Verebay, P.A., North Miami Beach, for appellee-David Fraser.
STONE, Judge.
The trial court entered a directed verdict in favor of cross-defendant, Fraser, following a jury verdict for cross-plaintiff, Aspen Investments. We reverse. The case began as a mortgage foreclosure. Prior to trial, Aspen settled with the mortgagees by stipulating to the foreclosure but expressly reserved its claims against Fraser.
Aspen's cross-claim was for civil theft and slander of title. The trial court found, as to the civil theft claim, that Aspen failed to prove criminal intent to steal and that a contractual relationship existed between the parties. As to the slander of title claim, the court found that a settlement with the mortgage holders eliminated Aspen's cross-claim against Fraser. As to damages, the trial court made a finding that Aspen failed to prove the reasonableness of attorney's fees incurred in defense of the mortgage foreclosure claims.
The evidence, taken most favorably to Aspen, reflects that Robert Braun acquired the Aspen stock from Fraser in connection with a payment of $320,000 to the corporation. Although Fraser initially had a 90-day option, there was direct evidence that the transaction was a completed sale and not a loan. Fraser resigned as director, president, secretary, and treasurer. Braun was the sole officer and director. Aspen *1376 was the owner of twelve properties. Fraser, as Aspen's agent, continued to manage and to collect rent on the 12 units. Although Fraser was interested in reacquiring the units, he had no investment of his own in either Aspen or the units.
Fraser contended that he had authority to mortgage the units to obtain money that Braun owed him. He also asserted that the entire transaction was only as collateral for Braun's payment to Aspen. There was independent testimony that Fraser acknowledged Braun's ownership of the corporation and that counsel advised Fraser that encumbering Aspen's property would be engaging in criminal conduct. We note that Fraser's option to purchase expired prior to the mortgage loan transactions. Nevertheless, Fraser secretly purchased a second corporate seal and told the lender that he was the president and secretary of Aspen. In addition, Fraser never told Braun of the bank account he opened for the deposit of the loan proceeds. Fraser subsequently transferred these funds to his separate corporation account and then to his personal account. No mortgage payments were ever made.
We recognize that Fraser's testimony, if believed by the trier of fact, would be consistent with his claim that he had authority. However, this is immaterial in a review of a directed verdict. In Garrahan v. Sea Ray Boats, Inc., 569 So.2d 518 (Fla. 4th DCA 1990) we stated:
On appellate review, a directed verdict should be affirmed if, in viewing the evidence in a light most favorable to the non-moving party, it appears that the trier of fact could not have reasonably differed as to the establishment of material facts. It is reversible error to direct a verdict where there is some substantial evidence tending to prove the plaintiff's case.
As to the civil theft claim, a jury could conclude that Fraser committed the acts described with the intent to deprive Aspen of its property and appropriate it to his own use knowing that he was not entitled to do so. See section 812.014(1), Florida Statutes. Although intent may be shown by circumstantial evidence, civil theft must be established by clear and convincing evidence. Section 812.035(7).[1] Here, the evidence, although conflicting, meets the standard. Cf. Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). Fraser asserts that essentially this is a breach of contract claim and that treble damages for civil theft may only be obtained in the absence of a contractual relationship. See Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla. 1986). However, this court has recognized that the existence of a contractual relationship does not preclude a civil theft action for fraudulent conversion, embezzlement, or similar acts. See Trend Setter Villas of Deer Creek v. Villas on the Green, Inc., 569 So.2d 766 (Fla. 4th DCA 1990); O'Donnell v. Arcoiries, Inc., 561 So.2d 344 (Fla. 4th DCA 1990). See also Tinwood, N.V. v. Sun Banks, Inc., 570 So.2d 955 (Fla. 5th DCA); Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987).
With respect to the slander of title claims, the settlement agreement with the mortgage holders provided:
1. The parties to this stipulation intend a compromise and settlement of the litigation between them with no effect on the validity of any claim that either party has or may have against David Fraser.
3. Aspen will voluntarily dismiss all of its pending claims against all the party plaintiffs in all six actions, but not against David Fraser. Aspen will pursue the remainder of the damages it suffered as a result of the wrongful acts of David Fraser directly against David Fraser.
4. Aspen does not concede that the mortgages in dispute are valid. Moreover, *1377 it maintains that David Fraser had no power or authority to encumber the properties owned by Aspen; that he did so dishonestly, and that he unlawfully appropriated the proceeds of the loan and mortgage to his own use to the detriment of Aspen. These claims are more fully set forth in pleadings filed in these cases. These actions shall survive this stipulation and judgment.
7. Aspen and the parties plaintiff expressly intend no waiver of any rights it or they have or may have against David Fraser.
Conduct is not held to constitute a waiver unless it does so clearly. Cf. American Somax Ventures v. Tosma, 547 So.2d 1266 (Fla. 4th DCA 1989). Even though Aspen elected not to continue its contest of the mortgage claims, that alone does not constitute a waiver of the otherwise valid slander of title claim against Fraser, particularly as the language of the stipulation explicitly provides otherwise. See also Woodgate Dev. Corp. v. Hamilton Inv. Tr., 351 So.2d 14 (Fla. 1977).
Attorney's fees are recoverable as an element of damages for slander of title. E.g., Bonded Inv. & Realty Co. v. Waksman, 437 So.2d 162 (Fla. 2d DCA 1983); Susman v. Schuyler, 328 So.2d 30 (Fla. 3d DCA 1976). In Behar v. Jefferson Nat'l Bank at Sunny Isles, 519 So.2d 641 (Fla. 3d DCA 1987), rev. denied, 531 So.2d 167 (Fla. 1988), the court stated that
the general rule of law is that where the wrongful act of the defendant has involved the claimant in litigation with others or placed him (or her) in such relation with others as makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorney's fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.
The record reflects some evidence of attorney's fees incurred by Aspen in attempting to remove the cloud and in defense of the mortgagees' claims. It is undisputed that no objection was raised at the time the evidence was accepted concerning Aspen's failure to prove the reasonableness of the attorney's fees incurred.[2] We are not concerned with the weight of the evidence that the fees were, in fact, incurred, but only with the cross-plaintiffs' failure to introduce testimony that the fees incurred were reasonable. Certainly, Fraser was entitled to require that reasonableness be proved as a predicate to admitting the evidence of the fee incurred. Still, Fraser's failure to object to the evidence on this ground waived any right to have it subsequently considered on a motion for directed verdict. To hold otherwise would allow a party to lure the other side into believing that evidence on a necessary element of proof is before the court by not objecting to its introduction and then permitting that party to subsequently ask the court to disregard that evidence after the opponent has rested.
Additionally, we find no abuse of discretion concerning the trial court's denial of Aspen's last minute motion for leave to amend to add a count.
The judgment is reversed. On the face of the trial court order it appears that Fraser's motion for a new trial was deemed moot by the trial court because of its other rulings. Therefore, upon remand, the new trial motion remains pending. Nothing contained in this opinion shall be construed as limiting the trial court's own evaluation of the record with respect to the new trial motion.
GARRETT and FARMER, JJ., concur.
NOTES
[1] Section 812.035(7) which previously applied to "any person," now applies only to the state and its agencies. Section 772.11 presently provides for treble damages upon a showing of clear and convincing evidence of an injury. See also Warren v. Monahan Beaches Jewelry Center, Inc., 548 So.2d 870 (Fla. 1st DCA 1989).
[2] We also note that there was proof of other special damages, lost value and lost rentals, in addition to the fees. The plaintiffs' right to claim these damages does not appear to be questioned.