615 So.2d 841 (1993)
David FRASER, Appellant,
v.
SECURITY AND INVESTMENT CORPORATION, Aspen Investments Corporation, etc., et al., Appellees.
No. 92-0726.
District Court of Appeal of Florida, Fourth District.
March 17, 1993.
Rehearing and/or Certification Denied April 8, 1993.
Bruce H. Freedman and Layne Verebay of Freedman & Verebay, P.A., Miami, for appellant.
Andrew B. Rosenblatt, Miami, for appellee-Aspen Investments Corp.
HERSEY, Judge.
On a cross-claim for slander of title and civil theft, the trial court entered judgment after jury verdict for damages in excess of one million dollars against David Fraser.
In an earlier appeal, Aspen Investments Corp. v. Holzworth, 587 So.2d 1374 (Fla. 4th DCA 1991), this court reversed a post-trial directed verdict for Fraser and remanded to the trial court to consider a pending motion for new trial. From the denial of that motion Fraser has perfected the present appeal.
Three points on appeal are tendered for our consideration, only one of which has merit. We will briefly touch upon all three.
At a pretrial deposition, Fraser, faced with a claim of civil theft and not yet having obtained counsel, refused to answer questions, asserting his Fifth Amendment privilege against self-incrimination. At a subsequent deposition, having obtained counsel, Fraser abandoned his self-incrimination privilege. His motion in limine to prevent disclosure of the earlier invocation of the privilege was denied and at trial the jury learned that Fraser had invoked the Fifth Amendment. The first issue on appeal *842 is whether this was reversible error. We hold that it was not.
In Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), the United States Supreme Court held that it was not error to permit adverse inferences to be drawn from a party's silence in a civil case. The Court stated:
Our conclusion is consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment "does not preclude the inference where the privilege is claimed by a party to a civil cause." 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961). In criminal cases, where the stakes are higher and the State's sole interest is to convict, Griffin [v. State of Cal., 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965)] prohibits the judge and prosecutor from suggesting to the jury that it may treat the defendant's silence as substantive evidence of guilt. Disciplinary proceedings in state prisons, however, involve the correctional process and important state interests other than conviction for crime. We decline to extend the Griffin rule to this context.
Id. at 318-19, 96 S.Ct. at 1558 (emphasis in original).
Such a rule is both logical and utilitarian. A party may not trample upon the rights of others and then escape the consequences by invoking a constitutional privilege  at least not in a civil setting. Particular circumstances may give rise to the necessity for protecting such a party's interests, as, for example, granting a continuance because of pending criminal charges, see, e.g., Kerben v. Intercontinental Bank, 573 So.2d 976 (Fla. 5th DCA 1991), however, that does not and should not impinge upon the general rule.
Nor are we persuaded that the fact of invocation of the privilege is irrelevant and immaterial. In another context, Mr. Justice Brandeis in United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 153-154, 44 S.Ct. 54, 56, 68 L.Ed. 221, 224 (1923), observed that "Silence is often evidence of the most persuasive character."
The second point on appeal suggests that the jury verdict rests upon ambiguous testimony and therefore was against the manifest weight of the evidence. We have already decided this issue adversely to Fraser's position in the first appeal where we stated:
As to the civil theft claim, a jury could conclude that Fraser committed the acts described with the intent to deprive Aspen of its property and appropriate it to his own use knowing that he was not entitled to do so. See section 812.014(1), Florida Statutes. Although intent may be shown by circumstantial evidence, civil theft must be established by clear and convincing evidence. Section 812.035(7). Here, the evidence, although conflicting, meets the standard. Cf. Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983).
Aspen Investments, 587 So.2d at 1376 (footnote omitted). We have been given no persuasive reason to revisit that conclusion.
Finally, Fraser contends that lack of evidence of reasonableness of attorney's fees constituting one element of damages on the slander of title claim precludes a finding that the jury verdict, to that extent, is supported by competent, substantial evidence. We agree, and reverse for retrial on this aspect of the final judgment. When the matter was before us initially, we found sufficient evidence to avoid a directed verdict. Explaining, we said:
The record reflects some evidence of attorney's fees incurred by Aspen in attempting to remove the cloud and in defense of the mortgagees' claims. It is undisputed that no objection was raised at the time the evidence was accepted concerning Aspen's failure to prove the reasonableness of the attorney's fees incurred. We are not concerned with the weight of the evidence that the fees were, in fact, incurred, but only with the cross-plaintiffs' failure to introduce testimony that the fees incurred were reasonable. Certainly, Fraser was entitled to require that reasonableness be proved as a predicate to admitting the evidence of *843 the fee incurred. Still, Fraser's failure to object to the evidence on this ground waived any right to have it subsequently considered on a motion for directed verdict. To hold otherwise would allow a party to lure the other side into believing that evidence on a necessary element of proof is before the court by not objecting to its introduction and then permitting that party to subsequently ask the court to disregard that evidence after the opponent has rested.
Id. at 1377 (footnote omitted). The issue before us now is different. There was some evidence as to attorney's fees. There was no evidence as to reasonableness. Thus the verdict, in this respect only, is not supported by competent substantial evidence. It is therefore against the manifest weight of the evidence, requiring reversal.
We affirm the final judgment with the exception of the issue of damages on the slander of title count, which will require a retrial on the question of reasonableness of attorney's fees included as an element of those damages.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DELL, J., and DOWNEY, JAMES C., Senior Judge, concur.