864 So.2d 1241 (2004)
Allison M. COSTELLO, etc., Appellant,
v.
THE CURTIS BUILDING PARTNERSHIP, Appellee.
No. 5D02-3117.
District Court of Appeal of Florida, Fifth District.
January 30, 2004.
*1242 Leon H. Handley, David B. Falstad and James M. Kloss of Gurney & Handley, P.A., Orlando, for Appellant.
Patrick C. Crowell of Patrick C. Crowell, P.A., Orlando, for Appellee.
PALMER, J.
In this landlord/tenant dispute, Allison Costello (landlord) appeals the summary judgment entered in favor of the Curtis Building Partnership (tenant). We reverse.
The tenant filed suit against the landlord seeking specific performance of a purchase option provision set forth in a lease agreement. The lease agreement was entered into in 1925 with respect to certain unimproved property located in Orlando. The agreement provided for a lease term of 99 years with rent fixed at $1,800 per month. The landlord agreed, in addition to granting the tenant a 99-year term, to provide the tenant with the following purchase option:
And the lessors do hereby grant to the lessees exclusive right at their option any time after the 25th year of the term of this lease to purchase the said premises for the sum of Thirty Thousand Dollars... PROVIDED ALWAYS that the right of the lessees to exercise the option of purchase is expressly created upon the faithful performance and observance by the lessees of all the covenants, agreements and conditions on their part herein contained and the payment to the lessors of the rent hereby reserved up to the date of the completion of the said purchase.
The lease agreement further provided that the tenant would begin construction on a building on the premises by 1926 and would maintain all buildings erected on the *1243 premises and as well as rebuild same if destroyed by fire.
The tenant's complaint alleged that pursuant to the above-cited option provision the tenant had tendered the purchase price to the landlord and requested conveyance of the property, but that the landlord had refused to accept the tender or to make said conveyance.
The landlord filed an answer to the complaint generally denying liability and asserting several affirmative defenses as well as a counterclaim. In her counterclaim, the landlord asserted a claim for declaratory relief regarding the above-mentioned purchase option clause. Specifically, the landlord sought a declaration that the purchase option clause had expired or terminated on May 15, 1926 (one year after the date the lease was executed) because the tenant had failed to comply with the lease provision which required the construction of a building on the subject property.
The tenant filed an answer to the counterclaim and asserted several affirmative defenses, including defenses of estoppel and waiver. The estoppel claim was premised upon previous litigation which had taken place between the parties in 1999 wherein the landlord had sought to remove the tenant from the property due to the tenant's non-payment of rent, and the tenant had counterclaimed asserting a request for a declaratory judgment stating that its leasehold interest was valid and in full force. Said litigation had been resolved by entry of a final judgment which adopted a stipulation prepared by the parties. The final judgment in relevant part reads as follows:
Plaintiff's action [for tenant removal] is dismissed with prejudice. The Counterclaim of the Defendant, The Curtis Building Partnership, for declaratory judgment is granted and it is hereby DECLARED and ADJUDICATED that the leasehold interest represented by that certain Lease ... is valid and in full force and effect, and has validly passed into the hands of The Curtis Building Partnership pursuant to that certain Assignment of Lessor's Interest in Leases and Assumption Agreement dated August 19, 1993. The terms of the aforesaid Lease remain in full force and effect, except that the parties have agreed that the quarterly payment of rent called for in the Lease will be paid on or before the first of the month in the month beginning each new calendar quarter, with the thirty-day grace period to run from that date. No provision herein shall prevent either of the parties from bringing future actions against the other to enforce the terms and conditions of the Lease in relation to alleged future breaches.
The tenant eventually filed a voluntary dismissal of its claim for specific performance, but also filed a motion for summary judgment on the landlord's counterclaim, arguing that a declaration should be entered by the trial court stating that the purchase option clause was still valid and enforceable because (1) the landlord had waived her right to raise any challenge to the validity of the purchase option since the landlord had continued to accept rent payments from the tenant for more than 75 years without ever seeking enforcement of the lease provision which required the construction of a building on the subject property; or, in the alternative, (2) the doctrine of res judicata barred the tenant from litigating the validity of the purchase option clause since that issue could have been, but was not, raised during the course of the parties' 1999 litigation. Upon review, the trial court entered a summary judgment in favor of the tenant, ruling that the purchase option clause was still valid and enforceable and that the landlord *1244 was precluded, by application of the doctrines of waiver and res judicata, from asserting the claim that the tenant's failure to construct a building on the property as required by the lease operated to void or cancel the option. The landlord challenges this ruling, arguing that the evidence of record fails to support the trial court's conclusions that the doctrines of waiver and res judicata bar the landlord from challenging the validity of the purchase option clause set forth in the parties' lease agreement.

WAIVER
The trial court reasoned that, by accepting rent payments from the tenant for more than 75 years, the landlord had waived her right to argue that the purchase option clause was invalid. We disagree.
Waiver is the intentional relinquishment of a known right. In order to constitute waiver, the party's conduct must establish clear relinquishment, and while conduct can imply waiver, the conduct relied upon to do so must make out a clear case of waiver. Waiver does not arise merely from forbearance for a reasonable time. Aspen Inv. Corp., v. Holzworth, 587 So.2d 1374 (Fla. 4th DCA 1991); Destin Savings Bank v. Summerhouse of FWB, Inc., 579 So.2d 232 (Fla. 1st DCA 1991).
In concluding that the landlord waived her right to argue that the purchase option clause was invalid, the trial court relied upon Wing v. Arnold, 107 So.2d 765 (Fla. 3d DCA 1958). However, such reliance was misplaced. The facts in Wing are distinguishable from the facts presented sub judice in that the instant record is devoid of any evidence indicating that the landlord engaged in any conduct during the course of the instant leasehold which would have created in the mind of the tenant the belief that the purchase option was still valid and enforceable. While the landlord's conduct in accepting rent over the course of the past 75 years constitutes sufficient evidence to support the conclusion that the landlord has waived the right to assert the tenant's failure to construct a building on the property as a basis to terminate the tenant's leasehold interest, such conduct by itself is insufficient to support the conclusion that the landlord waived the right to enforce the conditions precedent required for the exercise of the purchase option. Accordingly, the trial court's finding of waiver must be reversed. See South Inv. Corp., v. Norton, 57 So.2d 1 (Fla.1952)(holding that in suit for specific performance of lease-option agreement, evidence was insufficient to show that landlord waived requirement of lease-option agreement that tenant must not be in default under lease at time of exercise of option to purchase).

RES JUDICATA
The trial court also held that the landlord's claim that the purchase option clause was invalid was barred by application of the doctrine of res judicata, reasoning that the final judgment entered in the parties' 1999 litigation determined that the tenant's interests in the lease, including the tenant's interest in the purchase option clause, were valid and enforceable. We again disagree.
Res judicata precludes the relitigation of the same claim between the same parties on the same cause of action. Hochstadt v. Orange Broadcast, 588 So.2d 51, 52 n. 1 (Fla. 3d DCA 1991). In order for res judicata to bar a subsequent action, four identities must be present: 1) identity of the thing sued for, 2) identity of the cause of action; 3) identity of persons and parties; and 4) identity of the quality or capacity of the persons for or against whom the claim is made. Donahue v. *1245 Davis, 68 So.2d 163 (Fla.1953); Husky Indus., Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982).
The trial court erred in applying the doctrine of res judicata in this lawsuit because this lawsuit does not involve the same thing sued for as was sued for in the parties' 1999 litigation. In the 1999 litigation the parties were seeking a determination of whether the tenant was entitled to maintain its leasehold interest notwithstanding the fact that the tenant had technically breached the lease by failing to pay rent. In contrast, the thing sued for here is a determination of whether the purchase option clause set forth in the parties' lease agreement is valid and enforceable. The record is clear that no issue was presented during the 1999 litigation concerning the validity of the purchase option clause, although the landlord certainly could have argued that the tenant's leasehold rights had terminated due to the tenant's failure to construct a building on the property as well as due to the non-payment of rent.
Having concluded that the trial court erred in applying the doctrines of waiver and res judicata, we reverse the instant summary judgment order and remand for further proceedings.
REVERSED and REMANDED.
SAWAYA, C.J., and GRIFFIN, J., concur.