KLEIN, J.
Petitioner is a defendant in an accident case in which it is alleged he negligently caused a wrongful death. The accident also resulted in pending felony charges against petitioner. The petitioner argues that -the trial court departed from the essential requirements of law in denying his motion for continuance of the trial in the civil case because the pending felony charges will require him to invoke his Fifth Amendment privilege against self-incrimination when being questioned in the civil case.
Petitioner cites Fraser v. Security and Investment Corp., 615 So.2d 841 (Fla. 4th DCA 1993), in which we recognized that it was not error in a civil case to permit a jury to draw an adverse inference from- a party’s silence, even though the reason for the silence is a pending criminal case. We observed that, where criminal charges are pending, it may be necessary to continue a civil case because of pending criminal charges, citing Kerben v. Intercontinental Bank, 573 So.2d 976 (Fla. 5th DCA 1991).
Although the denial of the continuance may well have, been a departure from the essential requirements of law, petitioner has failed to demonstrate that he has no adequate remedy on final appeal. Katz v. N.M.E. Hosps., Inc., 842 So.2d 853 (Fla. 4th DCA 2002). The denial of a motion for continuance of a civil trial under these circumstances would be correctable on a final appeal because it would be reversible *499 under Fleming v. Fleming, 710 So.2d 601, 603 (Fla. 4th DCA 1998), in which we set forth the factors to be considered:
[1] whether the denial of the continuance creates an injustice for the movant; [2] whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and [3] whether the opposing party would suffer any prejudice or inconvenience as a result of a continuance.
Petition dismissed.
SHAHOOD and MAY, JJ., concur.