IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KAREN MOODY-ALCHIN, AS A
PERSONAL REPRESENTATIVE OF
THE ESTATE OF URSULA PENLAND,

     Appellant,

 v.

                                Case No. 5D21-846
                                LT Case No. 2010-CP-001318-O

THERESA BARTON, GUARDIAN,

     Appellee.

_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Orange County,
Leticia J. Marques, Judge.

Brandon Tyson, of Tyson Law Firm,
LLC, Winter Park, for Appellant.

Robert C. Wilkins, Jr., of Robert C.
Wilkins, Jr., P.L., Orlando, for
Appellee.


PER CURIAM.

Karen Moody-Alchin, as personal representative of the estate of Ursula Penland, appeals a final summary judgment finding that Moody-Alchin's various claims against Theresa Barton, as the decedent's guardian prior to her death, are barred by res judicata. We reverse the summary judgment as to the portions of Moody-Alchin's claims based on fraud. We otherwise affirm without further discussion.

In her motion for summary judgment, Barton argued that Moody-Alchin's claims are barred by res judicata because, during the guardianship proceeding, Moody-Alchin filed an objection to Barton's motion for discharge. While Moody-Alchin's objection sought the production of documents, it also opined, given the amount spent and relatively short amount of time, that Barton "recklessly managed and potentially dissipated this Guardianship Estate." The trial court agreed with Barton and entered summary judgment in her favor.

On appeal, Moody-Alchin argues that her claims are not barred by res judicata because, *inter alia*, there is no identity in the causes of action. We agree.

"[F]or res judicata to bar a subsequent action, four identities must be present: 1) identity of the thing sued for[;] 2) identity of the cause of action; 3) identity of persons and parties; and 4) identity of the quality or capacity of

the persons for or against whom the claim is made." *Costello v. Curtis Bldg. P'ship*, 864 So. 2d 1241, 1244 (Fla. 5th DCA 2004) (citations omitted). Here, at a minimum, we conclude that the "thing sued for" in Moody-Alchin's objection seeking the production of documents in the guardianship proceeding is not the same as the thing sued for in the fraud claims alleged in the instant action. As such, we reverse the summary judgment as to the portions of Moody-Alchin's claims, including the breach of fiduciary duty claim, that are based on fraud.

AFFIRMED in part; REVERSED in part; and REMANDED.

LAMBERT, C.J., EISNAUGLE and TRAVER, JJ., concur.