MILLS, Judge.
Wells filed suit against Walter D. Dickinson, Inc. and Walter D. Dickinson, individually, seeking to have the defendants adjudged constructive trustees of certain property and seeking to have the defendants convey title to the property to him. Wells alleged the defendants breached their fiduciary relationship as real estate brokers to their client, Wells. The defendants say Wells never engaged their services and that no confidential or fiduciary relationship was ever established.
During the course of pretrial discovery, Wells propounded interrogatories to the defendants which, in essence, asked the defendants what, in their opinion, one would have to do to secure the services and become a client of the defendants. The defendants objected to the interrogatories.
After a hearing, the trial judge issued an order overruling the objections and giving defendants 20 days to answer the interrogatories. The defendants invoke the certio-rari jurisdiction of this court seeking to have the order quashed.
Orders relating to the scope of discovery are within the wide discretion of the trial court and should not be overturned absent departure from the essential requirements of law. Burroughs Corp. v. White Lumber Sales, Inc., 372 So.2d 122 (Fla. 4th DCA 1979).
The interrogatories in question do not seek the mental impressions, conclusions, opinions or legal theories of petitioners’ counsel, but only the opinions of petitioners. The interrogatories therefore do not violate Florida Rule of Civil Procedure 1.280(b)(2). As stated in Fla.R.Civ.P. 1.340(b), “An interrogatory otherwise proper is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the personal knowledge of the party.”
The petition for writ of certiorari is denied.
BOOTH and BARFIELD, JJ., concur.