502 So.2d 959 (1987)
ROLLINS BURDICK HUNTER OF NEW YORK, INC., Appellant,
v.
EUROCLASSICS LIMITED, INC., Appellee.
Nos. 85-1326, 85-2698.
District Court of Appeal of Florida, Third District.
February 3, 1987.
Rehearing Denied March 12, 1987.
*960 McDermott, Will & Emery and Robert T. Palmer and Steven E. Siff, Miami, for appellant.
Palmer & Lazar and Bruce Lazar, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Rollins Burdick Hunter of New York, Inc. (RBH) appeals an amended final judgment for Euroclassics Limited, Inc. (Euroclassics) in Euroclassics' action to collect benefits under an insurance policy. RBH further appeals the denial of its motion for relief from judgment and new trial on the *961 ground of newly discovered evidence. The two appeals are consolidated. We reverse the trial court's judgment.
Jack Kartee, Euroclassics' president and sole officer, retained RBH, an insurance broker, to procure coverage for Euroclassics' twin-engine airplane. The airplane later disappeared under mysterious circumstances in the Caribbean while the policy was in effect. The policy's underwriter, Federal Insurance Company (Federal), denied Euroclassics' subsequent claim for insurance benefits on the ground that the policy did not cover losses occurring in the Caribbean. Euroclassics sued both Federal and RBH, alleging that Federal breached its agreement to provide the coverage (count I), or that RBH breached its agreement to obtain a policy with the proper geographic scope (count II), or that RBH negligently failed to obtain a proper policy (count III).
Federal's sole defense, consistent with its basis for denying the claim for benefits, was that the policy simply did not cover losses occurring in the Caribbean. RBH, however, interjected affirmative defenses which asserted that Euroclassics was not entitled to coverage because the plane was being used for illegal activities at the time of its disappearance and because Euroclassics had materially misrepresented its intended usage of the plane at the time it applied for the insurance coverage.
During discovery RBH deposed Kartee. RBH asked Kartee whether he had ever been convicted of a crime. Kartee answered in the affirmative and revealed that he had been convicted of conspiracy. Kartee refused, however, to answer any further questions concerning his criminal activities and instead invoked his fifth amendment privilege against self-incrimination. RBH moved for an order to compel Kartee to answer the questions or to strike Euroclassics' pleadings on the ground that RBH's ability to prove its affirmative defenses based on the illegal use of the aircraft was thwarted by Kartee's refusal to answer. The trial court denied the motion.
At the bench trial, RBH presented no evidence of the aircraft's alleged involvement in illegal activities, although reference to rumors of such involvement was made throughout the trial. On the evidence presented the court entered judgment against RBH for the insured value of the airplane, plus interest. The court found Federal not liable.
Shortly after the trial, Kartee testified in a federal criminal case under a grant of immunity. His testimony revealed that the aircraft had been used continuously, from the approximate time of its purchase until it disappeared, to smuggle drugs. Based on this newly discovered evidence, RBH moved for relief from judgment. The motion was denied.
On appeal RBH argues that any negligence on its part in failing to procure the proper insurance coverage was not the proximate cause of Euroclassics' loss. Instead, RBH contends, Kartee's use of the insured aircraft for drug smuggling would have precluded Euroclassics from obtaining insurance in the first place. RBH further contends that since its affirmative defenses relied upon proof of Kartee's illegal activity, the trial court's order denying RBH's motion to compel discovery was erroneous and effectively prevented RBH from proving at trial what would have amounted to a valid defense. We agree.
Generally, the scope of discovery is broad with parties being entitled to discover "any matter, not privileged, that is relevant to the subject matter of the pending action ... [and] appears reasonably calculated to lead to the discovery of admissible evidence." Fla.R.Civ.P. 1.280(b)(1); see Simons v. Jorg, 384 So.2d 1362 (Fla.2d DCA 1980); Murray Van & Storage, Inc. v. Murray, 343 So.2d 61 (Fla. 4th DCA 1977); Spencer v. Spencer, 242 So.2d 786 (Fla. 4th DCA 1970), cert. denied, 248 So.2d 169 (Fla. 1971).
The trial judge gave no reason for denying RBH's motion to compel. Even taking into account the broad discretion afforded the trial court in discovery matters, see, e.g., Dickinson v. Wells, 454 So.2d 758 *962 (Fla. 1st DCA 1984), when viewed in light of the above enunciated rule, the trial court abused its discretion in denying RBH's motion to compel. Not only did RBH's questions to Kartee appear to be reasonably calculated to lead to admissible evidence, but the answers they would have evoked were necessary for RBH to prove its defenses which had been validly raised in its answer to the complaint.
It would appear that the trial judge relied on Kartee's fifth amendment argument in denying RBH's motion to compel. This was also error. A civil litigant's fifth amendment right to avoid self-incrimination may be used as a shield but not a sword. This means that a plaintiff seeking affirmative relief in a civil action may not invoke the fifth amendment and refuse to comply with the defendant's discovery requests, thereby thwarting the defendant's defenses. City of St. Petersburg v. Houghton, 362 So.2d 681, 683 (Fla.2d DCA 1978); see also Minor v. Minor, 240 So.2d 301 (Fla. 1970); Zabrani v. Riveron, 495 So.2d 1195 (Fla. 3d DCA 1986); Fischer v. E.F. Hutton & Co., 463 So.2d 289 (Fla.2d DCA 1984). See generally Annotation, Dismissing Action or Striking Testimony Where Party to Civil Action Asserts Privilege Against Self-Incrimination As to Pertinent Question, 4 A.L.R.3d 545 (1965). The proper sanction where the plaintiff does so is to dismiss the action or strike the pertinent portions of the pleadings. See Minor, 240 So.2d at 302; Houghton, 362 So.2d at 685. While plaintiffs cannot be compelled to incriminate themselves, when seeking affirmative relief they may not use the same right to avoid answering pertinent questions and thereby prevail in a civil suit. In the instant case the plaintiff, Euroclassics, has done precisely that. Kartee claimed to have a fifth amendment right to avoid answering questions involving his criminal activities. Once the trial court upheld this alleged privilege by denying RBH's motion to compel, RBH's ability to defend itself against Euroclassics' claim was severely hampered.
It is clear that the trial court's denial of RBH's motion was harmful error. On appeal, RBH relies primarily on its assertion that Kartee's representation made at the time of application, that the plane would be used solely for pleasure trips, was a material misrepresentation which would have voided the policy. RBH claims, and the evidence supports the contention, that both RBH and Federal would have refused to contract with Kartee had he told them that he had been using the plane and planned to use it in the future for drug smuggling. Consequently, regardless of RBH's alleged negligence, Euroclassics would not have been entitled to insurance coverage because of Kartee's misrepresentation. This affirmative defense is valid and would have exonerated RBH of liability if proven at trial. See C.A. Hansen Corp. v. Aetna Ins. Co., 455 So.2d 1329 (Fla. 4th DCA 1984) (evidence held to amount to a material misrepresentation voiding insurance coverage on a vessel where insurer was told that vessel would be used for fishing trip but was actually used for smuggling); Northwestern Nat'l Ins. Co. v. General Elec. Credit Corp., 362 So.2d 120 (Fla. 3d DCA 1978) (vessel owners not entitled to recover proceeds of insurance policy on destroyed vessel where vessel was used for drug smuggling in contravention of a "pleasure boat" provision in contract), cert. denied, 370 So.2d 459 (Fla. 1979); see also Phillips v. Ostrer, 418 So.2d 1104 (Fla.3d DCA 1982) (insurance policy induced by misrepresentation is void), review denied, 429 So.2d 6 (Fla. 1983); § 627.409, Fla. Stat. (1985). Euroclassics cannot possibly be entitled to greater coverage because RBH failed to follow its instructions than it would have been had RBH followed them. Consequently, the error is not harmless. Furthermore, because the trial court's decision effectively deprived RBH of the opportunity to defend itself, the trial court's judgment must be reversed. See § 59.041, Fla. Stat. (1985); see also Saunders v. Florida Keys Elec. Coop. Ass'n, 471 So.2d 88 (Fla.3d DCA 1985) (judgment reversed where trial court *963 erroneously denied motion to compel discovery concerning prior similar accidents).
Because we hold that the court committed reversible error in denying RBH's motion to compel, we do not deem it necessary to address RBH's contention that the trial court erred in denying its motion for a new trial based on newly discovered evidence. It is interesting to note, however, that had Kartee admitted the same facts in response to the questions asked during his deposition as he later testified to at the criminal trial he would have proven RBH's defenses.
In view of the trial court's error, the judgment under review is reversed and the cause is remanded for a new trial.