687 So.2d 895 (1997)
Constance J. Gannaway SMITH, Petitioner,
v.
TIB BANK OF THE KEYS, etc., Respondents.
No. 96-2465.
District Court of Appeal of Florida, Third District.
January 29, 1997.
David T. Azrin, Miami, for petitioner.
Wayne LaRue Smith, Boca Raton; Haddad, Joseph, Jack and Lewis N. Jack, Coral Gables; and Albert I. Caskill, Key Largo, for respondents.
Before NESBITT, FLETCHER and SHEVIN, JJ.
NESBITT, Judge.
Petitioner, plaintiff below, seeks certiorari review of the trial court's order that she answer certain deposition questions. She argues that her compliance with the order violates the terms of her confidential settlement agreement in separate unrelated litigation, and that the questions posed are irrelevant to the issues at hand. We deny the petition for the following reasons.
In 1994, Constance J. Gannaway Smith contracted to purchase certain real property from respondent TIB Bank of the Keys. After the purchase, Smith claims she discovered that the property was not in accord with the bank's representations. Her 1995 complaint alleged several counts including breach of contract and fraud against the bank and a number of its officers for their affirmative misrepresentations. In 1992 Smith had filed a sexual harassment federal lawsuit against United Parcel Service, Inc. (UPS). See Connie J. Smith v. United Parcel Service, Inc. and Steve Saunders, No. 92-10081.
In mid 1995, several months after initiating this action against the bank, Smith settled her case with UPS. As part of that settlement, Smith was to keep confidential the settlement terms and the conditions surrounding the incident. Early in 1996, when *896 the bank deposed Smith for the fraud and contract action, Smith refused to answer sixteen questions on the ground that to do so might violate her agreement with UPS.
The bank filed a motion to compel, asking the court to require Smith to answer the questions at issue. Smith opposed the motion and sought a protective order. After hearing argument, the trial court entered two orders granting the bank's motion to compel, the substance of the orders provided that Smith would answer questions "concerning her mental capacity or incapacity at the time she entered the contract in the instant case" as well as "questions posed by counsel for [the bank] regarding the applications and/or financial statements filed with [the bank]." It also concluded:
TIB Bank of the Keys may not ask questions which would require Plaintiff Constance Smith to disclose any information concerning the terms of her settlement agreement with UPS, the events of her employment with UPS, the events of her separation of employment with UPS, her litigation with UPS, or the facts or allegations in her lawsuit against UPS, arising out of that action entitled Connie J. Smith v. United Parcel Service, Inc. and Steven Saunders, (United States District Court, Southern District of Florida, Case No. 92-10081-Civ-King).
Smith nonetheless filed the instant petition arguing that her response would force her to violate her agreement with UPS. Also she maintained that the questions at issue were irrelevant to the instant dispute. Smith then filed a motion for clarification in federal court, asking whether she would be in violation of the federal court confidentiality agreement by answering the Bank's questions.
On October 6, 1996, the federal court granted Smith's motion for clarification, providing in part:
2. Plaintiff may respond to questions regarding her state of mind at the time she entered into the contract in the pending case styled Smith v. TIB Bank of the Keys, et al., Case No. 95-20-0511-CA-03 pending in Monroe County, Florida, and questions regarding any financial statements and/or applications filed by her with the said TIB Bank.
3. That pursuant to the terms of the Settlement Agreement entered into in this cause, plaintiff shall not disclose the events of her employment by or separation from such employment with UPS, the facts or allegations of the UPS litigation, the existence of or the terms of said Settlement Agreement, the settlement funds, or the cause of plaintiff's mental state, either directly or indirectly.
Consequently, nothing in the federal court proceeding prohibits Smith's answers to the questions ordered answered and does not violate the UPS confidentiality agreement. However, it would not affect our analysis even had the federal court held to the contrary.
Independently, reviewing the parties' claims and defenses, we conclude that the questions the trial court allowed were both necessary and relevant. Furthermore, regardless of the federal court's determination of whether Smith's answers would put the UPS settlement at risk, or place Smith in a position of being held accountable for a violation of the terms of that agreement, it was Smith's responsibility to answer the questions as ordered, or risk dismissal of her suit against the Bank.
While confidentiality agreements are necessary in some instances, to facilitate settlement, they may not be subsequently employed by a litigant to obscure issues or otherwise thwart an opponent's discovery.[1] In addressing that concern, the Florida Supreme Court, in Stockham v. Stockham, 168 So.2d 320, 322 (Fla.1964), approved Independent Prods. Corp. v. Loew's, Inc., 22 F.R.D. 266, 275-76 (S.D.N.Y.1958), which, in part, held:
It would be uneven justice to permit plaintiffs to invoke the powers of this court for the purpose of seeking redress and, at the same time, to permit plaintiffs to fend off questions, the answers to which may *897 constitute a valid defense or materially aid the defense.
Plain justice dictates the view that, regardless of plaintiffs' intention, plaintiffs must be deemed to have waived their assumed privilege by bringing this action....
Plaintiffs in this civil action have initiated the action and forced defendants into court. If plaintiffs had not brought the action, they would not have been called on to testify. Even now, plaintiffs need not testify if they discontinue the action. They have freedom and reasonable choice of action. They cannot use this asserted privilege as both a sword and a shield. Defendants ought not to be denied a possible defense because plaintiffs seek to invoke an alleged privilege.
As stated above, we reject Smith's argument that the bank has no real need for the information sought, or that the trial court improperly weighed the interests at stake. See Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin, 602 So.2d 955 (Fla. 3d DCA 1991). As the bank points out, this is not only a boundary dispute, but also an action alleging fraud and breach of contract. The material sought to be discovered properly related to the issues involved in the litigation. Everglades Protective Syndicate, Inc. v. Makinney, 391 So.2d 262, 263 (Fla. 4th DCA 1980). Smith placed at issue her justified reliance on the bank's assertions, the veracity of the financial documents she submitted to the bank, and the state of her mental health including memory problems she was experiencing at the time of the Bank's alleged tortious conduct. See In re Vann, 67 F.3d 277, 283 (11th Cir.1995) (holding justifiable reliance as an element of a fraud claim is gauged in part by the individual plaintiff's own capacity and knowledge). In sum, the trial court here limited the questions to relevant subject areas.
Accordingly, the petition for certiorari is denied.
NOTES
[1] In resolving the instant controversy, we do not construe in any way section 69.081, Florida Statutes (1995), the "Sunshine in Litigation Act" or other similar statutory provisions.