COPE, Judge.
Jon J. Rappaport and Aventura Animal Hospital petition for a writ of certiorari to quash the trial court’s order deferring trial in this matter until respondent may testify without need to invoke his Fifth Amendment privilege. Because we find that the order was prematurely entered, we grant the petition for certiorari.
Several years ago respondent joined petitioners’ veterinary practice. In connection with that employment several documents were executed, including an employment agreement and a stockholder’s agreement. Petitioners allege that thereafter, respondent developed a substance abuse problem and became involved with the improper use of medications and theft of monies from the veterinary practice. Petitioners also allege that after a period of rehabilitation respondent rejoined the practice under the condition that his problems not recur, but that *527 respondent then relapsed into the improper use of medications. Petitioners claim that as a result respondent was fired from the practice.
In response to his firing, respondent filed this action in which he claims that his termination was a violation of the employment agreement and that petitioners had otherwise violated the stockholder’s agreement. The parties are in disagreement about the subsequent events, but it is undisputed that thereafter petitioner Rappaport made a criminal complaint in connection with respondent’s alleged theft of monies and improper use of medication. It is also undisputed that petitioners filed affirmative defenses and a counterclaim in this case raising those same issues.
After both this case and the criminal case had been pending for a substantial amount of time, and after several agreed stays of discovery had been entered, petitioners noticed the matter for trial. Respondent then filed a motion to strike arguing that discovery was not complete and that the matter was not ready for trial. In opposition to the motion to strike, petitioners argued that they had been thwarted in their attempts to complete discovery and proceed to trial because respondent claimed the pendency of the criminal action prevented him from responding.[1]
The trial court then ruled that: 1) the motion to strike was denied; 2) the prior stays of discovery were lifted; 3) both sides could take depositions, but the matter could not be tried until respondent was “in a position where he can testify at trial without compromising his Fifth Amendment Privilege”; 4) if petitioners took respondent’s deposition he could assert his Fifth Amendment privilege without sanction; and 5) if the matter came for trial before the trial of the criminal matter, the court would grant a continuance. Petitioners challenge that part of the order which states that there will be no trial until respondent can testify at trial without compromising his Fifth Amendment privilege, and continuing the ease until that eventuality occurs.
Because respondent has not yet invoked his Fifth Amendment privilege, we think the trial court was premature in entering the foregoing order. The cases which discuss the effect of a party’s claim of Fifth Amendment privilege uniformly involve situations in which the claimant has already invoked the privilege, usually at deposition. See Smith v. TIB Bank of the Keys, 687 So.2d 895, 896 (Fla. 3d DCA 1997); Village Inn Restaurant v. Aridi, 543 So.2d 778, 780 (Fla. 1st DCA 1989); see Rollins Burdick Hunter of New York, Inc. v. Euroclassics Ltd., Inc., 502 So.2d 959, 961 (Fla. 3d DCA 1987); DeLisi v. Banker’s Ins. Co., 436 So.2d 1099, 1100 (Fla. 4th DCA 1983); City of St. Petersburg v. Houghton, 362 So.2d 681, 682 (Fla. 2d DCA 1978).[2]
Further, the cases make clear that where the party claiming a Fifth Amendment privilege is also seeking affirmative relief, that party does not enjoy a carte blanche to invoke the privilege and block its opponent’s affirmative defenses. Rollins Burdick Hunter of New York, Inc., 502 So.2d at 962; Village Inn Restaurant, 543 So.2d at 781.
Here, the trial court has indefinitely continued the trial based solely on the possibility that the respondent will choose to invoke his Fifth Amendment privilege. At oral argument, counsel for respondent indicated that respondent had not yet determined which course of action he would choose.
We think the trial court’s ruling was premature. If at deposition respondent testifies without invoking his Fifth Amendment privilege, the issue is moot. If at deposition respondent invokes his Fifth Amendment privilege, the trial court can enter a ruling *528 based on a properly developed record.[3]
Certiorari granted.

. The trial court dismissed the criminal case and the dismissal is currently on state appeal before this court.

. In Zabrani v. Riveron, 495 So.2d 1195 (Fla. 3d DCA 1986), the appellees had not attempted to depose the appellant, but appellant had failed to respond to appellees' motion for summary judg *528 ment and claimed he was privileged to do so under the Fifth Amendment.