COPE, J.
The City of Homestead petitions this court for a writ of certiorari ordering disclosure of the amount to be paid pursuant to a settlement agreement. We grant the petition.
Plaintiffs-respondents filed a wrongful death suit against the City and Metatherapy Institute arising from the death of their seven-year-old son. The seven-year-old lived at a housing facility operated by Metatherapy Institute. Me-tatherapy Institute organized a recreational trip to a pool owned and operated by the City. The seven-year-old drowned in the pool. Plaintiffs alleged that Metatherapy Institute and the City were responsible for supervising their son. The City filed a cross claim against Metatherapy Institute for contribution and indemnity. During the course of the litigation, plaintiffs and Metatherapy Institute reached a settlement agreement but refused to divulge the amount of the settlement. The City filed a motion to compel disclosure of the settlement amount. The Court denied the motion.
The motion to compel should have been granted. The settlement terms and amount must be disclosed. Smith v. TIB Bank of the Keys, 687 So.2d 895, 896-97 (Fla. 3d DCA 1997). As stated in Smith, “While confidentiality agreements are necessary in some instances, to facilitate settlement, they may not be subsequently employed by a litigant to obscure issues or otherwise thwart an opponent’s discovery.” Id. at 896 (footnote omitted). Setoff is an issue in this case. Moreover, the City is entitled to evaluate its potential liability exposure with all information on hand. The case for disclosure is especially strong where, as here, the plaintiffs are suing a public entity.
Certiorari granted.