[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 08 2008
THOMAS K. KAHN
CLERK

No. 07-11008
Non-Argument Calendar
_____

D. C. Docket No. 06-00438-CV-CAP-1

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

KIRK S. WRIGHT,

Defendant-Appellant,

INTERNATIONAL MANAGEMENT ASSOCIATES,
LLC.,
INTERNATIONAL MANAGEMENT ASSOCIATES
ADVISORY GROUP, LLC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 8, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Kirk S. Wright, proceeding *pro se*, appeals the grant of a motion for default judgment in a total amount of $19,805,909, plus a civil penalty of $120,000, to the Securities and Exchange Commission (SEC) on its Complaint alleging violations of federal securities laws. Wright contends the district court abused its discretion by (1) entering default against him, and (2) granting a default judgment against him in favor of the SEC. We address each issue in turn.

I.

Wright asserts the district court abused its discretion in entering default against him because he never authorized the attorney who appeared on his behalf and accepted service for him in this case to undertake either task.[1] Wright further contends his motion to stay the civil case was sufficient to prevent entry of default.

A defendant shall serve its answer "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A). The district court clerk

---

[1] Wright alternatively argues that, even if service of the Complaint was properly effected, his failure to answer the Complaint in a timely manner constituted "excusable neglect," pursuant to Fed. R. Civ. P. 60(b), for various reasons. We decline to review the merits of Wright's "excusable neglect" arguments, however, because Wright did not present his Rule 60(b) arguments to the district court, and Wright has not shown these arguments fall within any of the recognized exceptions to the rule that newly presented issues which were not part of the district court proceedings generally will not be considered on appeal. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

2

shall enter a party's default if the party fails to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(a).

Even assuming *arguendo* that Wright never authorized the attorney to accept service of the present Complaint on his behalf, the undisputed evidence shows that Wright was personally served with a copy of the Complaint on June 8, 2006, but did not file a timely answer. Thus, the district court clerk was required to enter default against Wright upon the SEC's showing that service of the Complaint was properly effected. Moreover, Wright's argument that the motion to stay the present civil proceeding was sufficient to prevent entry of default against him is meritless as that motion was filed approximately one month after the district court clerk already had entered a default against him.

## II.

Wright asserts the court abused its discretion in granting a default judgment against him because he was not given proper notice of (1) the SEC's application for default pursuant to Fed. R. Civ. P. 55(b)(2); (2) the district court's decision denying his motion to stay the civil case; and (3) the default judgment hearing. Wright also contends the district court abused its discretion in denying his motion to continue the default judgment hearing.

3

A.    *Entry of Default Judgment*

"We review the district court's grant of default judgment for abuse of discretion." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 898 (1990). Fed. R. Civ. P. 55(b)(1) permits entry of judgment by the clerk without any hearing when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Rule 55(b)(2), which covers "all other cases," requires the district court to hold an evidentiary hearing to determine the amount of damages.

A defaulted defendant is deemed to "admit[] the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]  The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* The defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

The district court did not abuse its discretion in entering a default judgment against Wright. The district court, in compliance with Fed. R. Civ. P. 55(b)(2), held a hearing after default had been entered against Wright to determine the

---

[2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

amount of damages, since the case did not involve a sum certain or that could be made certain by computation. At that hearing, Wright failed to present any defense regarding the allegations in the Complaint, object to any averments made at the hearing, or ask any questions of the SEC's witness who testified on the issue of damages. Further, in light of the filings submitted with the Complaint, which included declarations from three investor clients of Wright and an SEC enforcement officer, as well as the testimony from the SEC's witness at the default judgment hearing, the claims against Wright were not facially invalid.

B.    *Notice Contentions*

The party against whom default judgment is sought must be served with written notice at least three days prior to the hearing for default judgment. Fed. R. Civ. P. 55(b)(2). The Fifth Amendment requires notice and an opportunity to be heard before the government deprives any person of his property. *D'Aguanno v. Gallagher*, 50 F.3d 877, 881 (11th Cir. 1995).

Wright's claim the default judgment against him is void because he did not receive various forms of notice is meritless. Although Wright contends he did not receive notice of the SEC's application for entry of a default, the SEC's certificate of service reflects the application was mailed to Wright at the Atlanta Pretrial Detention Center address on file with the district court well in advance of the three-

5

day requirement set forth in Fed. R. Civ. P. 55(b)(2). Moreover, we note Wright voiced no objection to the SEC's statement at the default judgement hearing that, in addition to serving him with the Complaint, it sent him all pleadings and orders in the case.

Wright's contention his due process rights were violated because he failed to receive notice of the default judgment hearing is also without merit. Even assuming Wright did not receive written notice of this hearing, the record shows Wright was present at the hearing, which indicates he received some type of notice. Also, Wright had an opportunity to argue his position, present evidence, and voice any objections during the hearing, and he did none of these things. *See Wolff v. McDonnell*, 94 S. Ct. 2963, 2979 (1974) ("Ordinarily, the right to present evidence is basic to a fair hearing."). Additionally, the default judgment took place in February 2007, several months after entry of default had been entered against him. Based on these facts, we conclude the requirements of due process and Fed. R. Civ. P. 55 have been satisfied, and Wright's claims to the contrary are meritless.

C.     *Denial of Motion to Stay the Civil Case*

"We review the district court's issuance of a stay pending the resolution of related proceedings in another forum for abuse of discretion." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 n.2 (11th Cir. 2000). "The

[F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985). "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (civil forfeiture context) (citing *United States v. Kordel*, 90 S. Ct. 763, 769-70 & n. 27 (1970)). However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay. *Id.*

Wright requested a stay based on the assertion the simultaneous civil and criminal cases against him would unfairly jeopardize his Fifth Amendment right against self-incrimination. However, a blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay. Further, no "special circumstances" existed in this case warranting a stay, as there is no record evidence suggesting the Government had brought the civil case solely to obtain evidence for the criminal prosecution or that the criminal case against him was unconstitutional or inappropriately instituted. Thus, we conclude that the district court did not abuse its discretion in denying Wright's motion to stay.

7

D.      *Denial of a Motion for Continuance*

"We review a district court's denial of a motion for a continuance under an abuse of discretion standard." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1296 (11th Cir. 2005). "The denial of a request for a continuance does not constitute an abuse of discretion unless it severely prejudices the moving party." *Id.* (quotations omitted). When reviewing denials of continuances, we consider "(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; [and] (4) the extent to which the moving party might have suffered harm as a result of the district court's denial." *Id.*

At the default judgment hearing, the district court questioned whether Wright had the ability to hire counsel, and Wright informed the court he had no financial means to hire an attorney given that his assets were frozen based on the parallel criminal proceeding. Thus, Wright's ability obtain counsel was speculative, as he did not have access to any funds or assets that would allow him to retain an attorney. Also, Wright failed to move for a continuance until the day of the hearing, and the court noted that all the parties were present, including the

8

Government's witness, and so granting a continuance would have inconvenienced the court and the Government. Accordingly, we conclude that the district court did not abuse its discretion in denying Wright's continuance motion.

**AFFIRMED.**