HAZOURI, J.
 

 Cynthia Toledo petitions this court for a writ of certiorari seeking review of an order requiring her attorney, David Go-rewitz, to produce his case file from an unrelated automobile accident case to the court for an
 
 in camera
 
 inspection. We grant the petition and quash the order.
 

 On December 31, 2004, Toledo slipped and fell in a parking lot adjacent to a Publix supermarket. She suffered an injury that required lumbar surgery. Toledo filed a complaint against Publix, CH Realty Cypress, LP (the owners or managers of the parking lot), and other defendants who are not a party to this appeal.
 

 On August 15, 2007, Toledo was involved in an automobile accident in which she claimed to have sustained injuries. As a result of that accident, she retained attorney Gorewitz to handle the matter.
 

 During the discovery process in the slip and fall case, Publix and CH Realty served attorney Gorewitz with a subpoena duces tecum, requesting “any and all non-privileged portions of your file regarding Cynthia Toledo,” with the requested file being the case file concerning the auto accident of August 15, 2007.
 

 Attorney Gorewitz objected to the subpoena duces tecum, citing the attorney-client and work-product privilege. He argued that defense counsel had no right to rummage through his file and that if defense counsel believed he was entitled to any particular document, that counsel could file a request for production of those documents.
 

 
 *714
 
 Publix and CH Realty, not being satisfied with attorney Gorewitz’s response, set the matter for hearing and sought an
 
 in camera
 
 inspection of Gorewitz’s file. Pub-lix and CH Realty asserted that there was insufficient detail in a privilege log previously filed by attorney Gorewitz to allow a meaningful determination as to whether non-privileged documents existed. Without requiring Publix and CH Realty to identify a basis for why they were entitled to invade opposing counsel’s file, the trial court ordered Gorewitz to submit his entire file concerning the August 15, 2007, auto accident for an
 
 in camera
 
 inspection.
 

 Toledo contends the subpoena in question is a classic “fishing expedition” and that the trial court’s order departs from the essential requirements of law. We agree.
 

 Certiorari lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected as work product or attorney-client, as this would present the potential of a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on final appeal.
 

 See Snyder v. Value Rent-A-Car,
 
 736 So.2d 780, 781 (Fla. 4th DCA 1999) (citations omitted).
 

 Florida Rule of Civil Procedure 1.280(b)(1) states that “[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action.” Rule 1.280(b)(1) also states that “fi]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” The rule then provides
 

 a party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.
 

 Fla. R. Civ. P. 1.280(b)(3).
 

 Publix and CH Realty made no attempt by way of interrogatories or requests for production to determine whether there were documents in the auto accident file relevant to the instant case; much less that they were “unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Curiosity about the contents of the auto accident file does not satisfy the relevancy requirement. Having failed to make even a minimal showing of entitlement to any documents contained in the auto accident file, there is no justification under the Florida Rules of Civil Procedure to order Gorewitz to provide the trial court with his file for an
 
 in camera
 
 inspection. We, therefore, grant the petition and quash the order.
 

 GROSS, C.J., and CIKLIN, J., concur.