GERBER, J.
 

 The judgment debtors appeal from a post-judgment order denying their motion for protective order and to quash a subpoena duces tecum for deposition in aid of execution served on their counsel during supplementary proceedings. The subpoena sought information about settlement funds paid to one of the judgment debtors in an unrelated lawsuit. The judgment debtors primarily argued that the information sought was protected by the attorney-client privilege and was subject to a confidentiality agreement in the settlement.
 

 The order is not reviewable as a non-final order under Florida Rule of Appellate Procedure 9.130(a)(4).
 
 See Gaché v. First Union Nat’l Bank of Fla.,
 
 625 So.2d 86, 87 (Fla. 4th DCA 1993) (order requiring post-judgment production of financial information was not appealable where the ultimate order providing for a recovery by the judgment creditor would be appealable as a final judgment, and the judgment debtor would then have the opportunity to argue the correctness of the discovery order). However, the order would be reviewable if the judgment debtors filed a petition for writ of certiorari.
 
 See Toledo v. Publix Super Mkts., Inc.,
 
 30 So.3d 712, 714 (Fla.
 
 *955
 
 4th DCA 2010) (citation omitted) (certiora-ri lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise confidential, as this would present the potential of a departure from the essential requirements of the law which would cause material harm for which there is no adequate remedy on final appeal).
 

 Treating the appeal as a petition for writ of certiorari, we agree with the circuit court that the information sought was not protected by the attorney-client privilege. The information was known to the other party to the settlement agreement in the unrelated lawsuit. We also agree that “[w]hile confidentiality agreements are necessary in some instances, to facilitate settlement, they may not be subsequently employed by a litigant to ... thwart an opponent’s discovery.”
 
 Smith v. TIB Bank of the Keys,
 
 687 So.2d 895, 896 (Fla. 3d DCA 1997). We reject the judgment debtors’ other arguments without further comment.
 

 Petition denied.
 

 MAY and DAMOORGIAN, JJ., concur.