Per Curiam.
The defendants, a Chinese drywall manufacturer and distributer (“drywall defendants”), petition this.court for a writ of certiorari seeking review of two non-final orders permitting discovery of the amount of punitive damages they actually paid in the post-judgment settlement of an unrelated case. They argue, the.trial court departed from the essential requirements of the law by construing section ,768.73(2), Fla. Stat. (2016) to allow for such discovery.[1] We agree and grant the petition.
The drywall defendants were sued in a prior unrelated case (“Robin action”). On November 22, 2013, the " jury awarded $1,000,000 in punitive damages against Defendant KPT and $5,000,000 in punitive damages against Defendant Knauf Gips. The parties subsequently entered into a post-judgment settlement and recorded a satisfaction of judgment.
Here, the drywall defendants seek to avoid a punitive damages claim in this case based upon the punitive damage award in the Robin action. They filed a Proffer of Proof of Prior Punitive Damages Award and Renewed Motion to Strike Plaintiffs Punitive Damages Claim. They argued section 768.73(2) prohibits a subsequent punitive damage award if punitive damages were previously awarded in any action alleging harm from the same course of conduct for which punitive damages were already awarded.
Specifically, section 768.73(2) provides:
(a) Except as provided in paragraph (b), punitive damages may not be awarded against a defendant in a civil action if that defendant establishes, before trial, that punitive damages have previously been awarded against that defendant in any state.or federal court in any action alleging harm from the same act or single course of conduct for which the claimant seeks compensatory damages. For purposes of a civil action, the term “the same act or single course of conduct” includes acts resulting in the saíne manufacturing defects, acts resulting in the same defects in design, or failure to warn of the same hazards, with respect to similar units of a product.
(b) In subsequent civil actions involving the samé act or single course of conduct for which punitive damages have already *884 been awarded, .if the court determines by clear and convincing evidence that the amount of prior punitive damages awarded was insufficient to punish that defendant’s behavior, the court may permit a jury to consider an award of subsequent punitive damages. In permitting a jury to consider awarding subsequent punitive damages, the court shall make specific findings of fact in the record to support its conclusion. In addition, the court may consider whether the defendant’s act or course of conduct has ceased. Any subsequent punitive damage awards must be reduced by the amount of any earlier punitive damage awards rendered in state or federal court. .
(Emphases added).
The trial court held an evidentiary hearing to determine whether there was clear and convincing evidence that the drywall defendants were sufficiently punished. The trial court explained that the statute simply prevents multiple punishments for the same conduct as long as the defendant was sufficiently punished. The judge reasoned: “Now, if there was a nominal amount that ... didn’t really constitute any significant punishment then that might be an issue for the judge to decide whether or not we should allow the jury to entertain those thoughts.”
The plaintiff argued the award in the Robin action was never actually paid because of a settlement. He argued that since the defendants had not paid the award, they had not been punished. The plaintiff argued that the defendants had taken the position that punitive damages were not recoverable in Germany where they had moved all of their assets.
The court denied the request to add a punitive damage claim without prejudice. The court explained the plaintiff could still conduct discovery and amend his motion. The plaintiff reminded the court that he had already been allowed to plead the punitive damages claim and, unless the court allowed plaintiff to depose a corporate representative, there was no way to get the relevant information.
Following the hearing, the court granted the drywall defendants’ motion to strike plaintiffs punitive damages claim without prejudice. The court found the drywall defendants met their initial burden of showing the prior punitive damages award was sufficient, and no clear and convincing evidence was presented that the prior award was insufficient to punish the drywall defendant’s behavior. But, the court granted plaintiff leave to conduct discovery as to whether the drywall defendants paid the punitive damages award in the Robin action.
Plaintiff then filed a request for production seeking the confidential settlement agreement and copies of the settlement payment check or wire payment in the Robin action. After receiving subpoenas, the Robins’ counsel moved for a protective order. The Robins’ counsel argued that Florida law disfavors disclosure of settlement agreements. The requested discovery sought potential attorney-client, private financial, and irrelevant information. Finally, the subpoena improperly sought information from the law firm rather than the drywall defendants.
The drywall defendants also moved for a protective order arguing the requested information was irrelevant, confidential, and privileged. They maintained that the only relevant consideration was the punitive damage “award,” not the amount paid in the Robin action. The drywall defendants argued the plaintiff wanted the information to aid him in negotiating a favorable settlement.
They reminded the court that deposing opposing counsel in a pending case is extraordinary and should only be allowed if there are no other means to obtain the *885 information. Discovery of settlement agreements is rarely granted. Counsel acknowledged that such discovery was available where there was a setoff. But, counsel suggested that it would be impractical for the statute to take into account how much was paid.
The court pointed out that the statute would have no import if the drywall defendants actually paid nothing and were not punished. The court commented that it had seen this before in product liability and medical malpractice cases where there are confidential settlement agreements that are intended to hide wrongdoing from the public, contrary to the transparency that the judicial system should afford. In the court’s view, the statute’s protection implied the defendant paid a fair share of the punitive damages.
The court agreed the plaintiff should not depose opposing counsel because the requested information could be obtained through a request for production. The court also agreed that a defendant should not be punished repeatedly for the same conduct. The court noted that if defendants paid the punitive damages, the issue was moot. But, if the defendant did not pay, then the statute was not producing the protection intended.
The court ordered the drywall defendants to provide the documents under seal for an in camera inspection. The defendants advised they would ask for a stay for appellate review; the court advised it would not prolong the case. The court entered a written order consistent with its oral ruling.
The court subsequently entered an In Camera Inspection Order. After reviewing the sealed record, the court overruled the defense objections and ordered the drywall defendants to produce the following discovery within twenty days: (1) a copy of the August 5, 2016, original settlement, release, and indemnification agreement between the Robins and the Knauf defendants; (2) the May 13, 2016, wire transfer notification email; (3) the August 12, 2016, wire transfer notification email; and (4) the August 18, 2016, wire transfer notification.
The drywall defendants now seek certiorari review of the order requiring production of discovery and the In Camera Inspection Order.
Certiorari is available to review whether a defendant was afforded statutorily guaranteed process before allowing a claim for punitive damages. Globe Newspaper Co. v. King, 658 So.2d 518, 520 (Fla. 1995). Certiorari is also proper to review an order allowing discovery of privileged or confidential information that could cause irreparable harm. Neiman v. Naseer, 47 So.3d 954, 954-55 (Fla. 4th DCA 2010). Discovery of “ ‘cat out of the bag' material that could be used to injure another person or party outside the context of the litigation, and material protected by privilege, trade secrets, work product, or involving a confidential informant may cause such injury if disclosed.” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995).
The drywall defendants argue the trial court departed from the essential requirements of law by misreading the relevant statute, which is clear on its face, and by ordering production of irrelevant confidential terms of the settlement in an unrelated case. They suggest the trial court’s interpretation of the statute would discourage settlements and subject defendants to endless punitive damage awards. They maintain the amount paid in the Robin action settlement is irrelevant because the statute speaks only in terms of an award. They argue they are in a catch-22 situation because they will either have to provide the discovery or forgo their statutory protec *886 tion against successive punitive damage awards. -
We agree with the drywall defendants’ argument that section 768.73(2) speaks only in terms of a prior punitive damage “award.” In fact, some derivation of the word “award” appears eight times within this subsection. But, not once does any derivation of the word “paid” appear.- The statute is clear on its face. We will not infer any other meaning than the plain words chosen by the legislature. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)).
Accordingly, we quash the trial court’s two discovery orders.

Petition granted; orders quashed.

May, Conner and Forst, JJ., concur.

. The plaintiff filed a response and raised a new argument not made to the trial court. Because the argument was not preserved, we do not address it in this opinion. See Aills v. Boemi, 29 So.3d 1105, 1109 (Fla. 2010).