# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-37; 3D21-38
Lower Tribunal Nos. 13-464 SP; 19-127 AP;
13-466 SP; 19-128 AP

_____

**Doral Health Center, P.A.,
a/a/o Pedro Sanchez, and
a/a/o Nancy Sanchez,**
Appellants,

vs.

**State Farm Mutual Automobile Insurance Company,**
Appellee.


Appeals from the County Court for Miami-Dade County, Diana Gonzalez-Whyte, Judge.

Patiño Law Firm, Richard Patiño and Ryan Peterson, for appellants.

Cole, Scott & Kissane, P.A., Thomas L. Hunker and Sarah Hafeez (Fort Lauderdale), for appellee.


Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Vasquez v. State</u>, 777 So. 2d 1200, 1203 (Fla. 3d DCA 2001) ("[T]he trial court may draw an adverse inference against a party in a civil action who invokes his privilege against self-incrimination." (citing <u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976))); <u>Rollins Burdick Hunter of N.Y., Inc. v. Euroclassics Ltd., Inc.</u>, 502 So. 2d 959, 962 (Fla. 3d DCA 1987) ("A civil litigant's fifth amendment right to avoid self-incrimination may be used as a shield but not a sword. This means that a plaintiff seeking affirmative relief in a civil action may not invoke the fifth amendment and refuse to comply with the defendant's discovery requests, thereby thwarting the defendant's defenses." (citing <u>City of St. Petersburg v. Houghton</u>, 362 So. 2d 681, 683 (Fla. 2d DCA 1978))); <u>see also</u> <u>Campbell v. Riggs</u>, 310 So. 3d 68, 70 (Fla. 4th DCA 2021) ("[O]nce there is a motion for summary judgment that is supported by affidavit or other factual showing, the burden shifts to the opposing party to show by appropriate means that genuine and material issues do remain to be tried." (quoting <u>Holl v. Talcott</u>, 191 So. 2d 40, 42 (Fla. 1966))); <u>Raven v. Roosevelt REO US LLC</u>, 278 So. 3d 245, 246 (Fla. 3d DCA 2019) ("Summary judgment is proper . . . where the moving party shows conclusively that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." (citation omitted)).