# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0267
Lower Tribunal No. 20-23064
_____

**Ivette Perez, et al.,**
Petitioners,

vs.

**Marglli Gallego, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney and Rachel C.G. Walters and Ezra S. Greenberg, Assistant County Attorneys, for petitioners.

Rasco Klock Perez & Nieto, and Hilton Napoleon, II, for respondents.

Before EMAS, HENDON and BOKOR, JJ.

BOKOR, J.

Officers, Ivette Perez and Carlos Luffi, sued in their individual capacities in the civil action below, petition for certiorari relief from the trial court's order granting an indefinite stay pending resolution of criminal proceedings against respondent, and plaintiff below, Marglli Gallego. Gallego argues, in pertinent part, that her invocation of the Fifth Amendment privilege against self-incrimination, combined with the active criminal proceedings, provide the trial court with a sufficient basis to stay the civil action. Perez and Luffi point out that Gallego fails to offer a single case, in Florida or elsewhere, to support a stay of a civil action where the *plaintiff* seeks to assert her Fifth Amendment privilege.

Perez and Luffi further argue that under these circumstances, Gallego cannot simultaneously allege defamation and tortious interference *and* seek a stay based on possible self-incrimination in answering discovery related to the claims she brought. We agree with Perez and Luffi. For the reasons more fully explained below, the trial court departed from the essential requirements of the law in granting a stay under the circumstances. Gallego is free to assert her Fifth Amendment privilege against self-incrimination. However, to the extent that amounts to an adverse inference as to material allegations or claims she herself brings, that is the choice she made in filing a civil action.

# BACKGROUND

Gallego served as the president of Hammocks Community Association. On October 26, 2020, Gallego filed a six-count complaint alleging, *inter alia*, defamation and tortious interference with a business relationship against Perez and Luffi. Subsequently, the State pursued criminal charges resulting in her arrest and active, ongoing criminal proceedings. During discovery in the civil suit, Gallego failed to timely respond to Perez and Luffi's discovery requests, resulting in orders granting motions to compel responses to their discovery requests. Subsequently, instead of complying with the orders compelling discovery, and despite previously indicating that she would not be seeking a stay, Gallego's counsel indicated to Perez and Luffi's counsel that Gallego would invoke her Fifth Amendment right against self-incrimination and sought a stay of proceedings based thereon. The trial court granted Gallego's motion to stay. Perez and Luffi now petition this court for a writ of certiorari to quash the trial court's order.[1]

---

[1] "Certiorari review is warranted when a non-final order (1) cannot be remedied on postjudgment appeal, (2) results in material injury for the remainder of the case, and (3) departs from the essential requirements of law." Ferro v. ECI Telecom, Inc., 314 So. 3d 711, 713 (Fla. 3d DCA 2021) (citation omitted). The first two prongs are jurisdictional; therefore, the merits of a certiorari petition cannot be considered absent a determination of

3

## ANALYSIS

Perez and Luffi argue that: (1) the trial court's ruling causes irreparable harm because it indefinitely delays their right to assert official immunity; and (2) Gallego improperly used her Fifth Amendment privilege against self-incrimination as both a sword and a shield in contravention of applicable case law resulting in a departure from the essential requirements of law. Gallego argues that: (1) Perez and Luffi are not entitled to certiorari relief because they have shown no irreparable harm; and (2) the trial court did not depart from the essential requirements of law.

As a threshold issue, we first look at whether the imposition of the stay amounts to irreparable harm, irremediable on appeal. Here, in their answer and defenses, Perez and Luffi asserted immunity from suit under section 768.28(9)(a), Florida Statutes. Immunity must be determined at the earliest possible stage of a legal proceeding. See Fla. Highway Patrol v. Jackson, 238 So. 3d 430, 433 (Fla. 1st DCA 2018). The delay in such determination caused by the indefinite stay constitutes irreparable harm, irremediable on appeal.[2]

---

material injury irremediable on appeal. Farach v. Rivero, 305 So. 3d 54, 56 (Fla. 3d DCA 2019).

[2] The Florida Supreme Court explained that the denial of qualified immunity by summary judgment warranted interlocutory, certiorari review. See Keck v. Eminisor, 104 So. 3d 359, 366 (Fla. 2012) ("[A]n order denying summary

4

Next, we examine whether the trial court departed from the essential requirements of the law in granting a stay based on a *plaintiff's* assertion of her Fifth Amendment privilege in the face of pending discovery.[3] Importantly, Gallego presented no case to the trial court, and similarly provides no authority in opposition to the petition, in which a court grants a stay at the invitation of a plaintiff seeking to invoke her Fifth Amendment protection against self-incrimination. To the contrary, well-settled law explains that the Fifth Amendment can't be used as a sword and a shield, which is exactly what Gallego attempts to do by asserting Fifth Amendment protections as a basis to stay her lawsuit as a plaintiff. See, e.g., Rollins Burdick Hunter of N.Y., Inc. v. Euroclassics Ltd., 502 So. 2d 959, 962 (Fla. 3d DCA 1987) ("This means that a plaintiff seeking affirmative relief in a civil action may not invoke the fifth amendment and refuse to comply with the defendant's discovery

---

judgment based on a claim of individual immunity under section 768.28(9)(a) is subject to interlocutory review where the issue turns on a question of law."). It then stands to reason that the failure of the trial court to address qualified immunity through the imposition of an indefinite stay constitutes the same type of irreparable harm reviewable by certiorari.

[3] We note that one of the plaintiffs below, Hammocks Community Association, Inc., is a corporation incapable of asserting a Fifth Amendment claim. We also note that Gallego didn't invoke the Fifth Amendment in response to an inquiry of the court or in response to discovery. Nonetheless, for purposes of the analysis here, we will assume *arguendo* that Gallego properly asserted her intention to invoke her Fifth Amendment protections as the basis for seeking the stay on review.

requests, thereby thwarting the defendant's defenses."); <u>Rappaport v. Levy</u>, 696 So. 2d 526, 527 (Fla. 3d DCA 1997).

All the cases cited note "special circumstances" warranting a stay where a person, "who is a defendant in both a civil and criminal case, is forced to choose between waiving his [or her] privilege against self-incrimination or losing the civil case on summary judgment." <u>Tribble v. Tew</u>, 760 F. App'x 718, 721 (11th Cir. 2019); <u>see</u> <u>also</u> <u>United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.</u>, 23 F.3d 359, 364 (11th Cir. 1994) (permitting a stay of a civil proceeding only where "special circumstances" require it "in the interest of justice") (citing <u>United States v. Kordel</u>, 397 U.S. 1, 12, 12 n.27 (1970)).

Gallego therefore fails to justify the stay on two grounds. First, she proffers no case where a stay is granted in favor of a plaintiff asserting her Fifth Amendment privilege. <u>See</u> <u>Waldbaum v. Worldvision Enters., Inc.</u>, 84 F.R.D. 95, 97 (S.D.N.Y. 1979) (denying plaintiff's motion to stay discovery pending resolution of criminal charges and noting that the cases plaintiff relied on "involved defendants, not plaintiffs, in civil proceedings"); <u>see also</u> <u>Arango v. U.S. Dep't of the Treasury</u>, 115 F.3d 922, 926 (11th Cir. 1997) (explaining that the assertion of the privilege can't be used as both a shield

against self-incrimination and a sword freeing the party from her own burden of proof).[4]

Second, no special circumstances justify granting a stay. Gallego sets forth a series of allegations in her complaint. It's entirely unclear how she would be incriminated in a criminal proceeding by answering discovery pertaining to the claims she brought. See S.E.C. v. Wright, 261 F. App'x 259, 263 (11th Cir. 2008) (explaining that the "blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay"). It is worth pointing out that Wright denied a stay on that basis sought by a defendant in the civil action below. Id. at 261. It adds another layer of incredulity where, here, it is the plaintiff who brought the action seeking a blanket stay.

In any event, Gallego would have the right, where appropriate, to assert the Fifth Amendment privilege against self-incrimination with respect to specific questions or discovery and the court would have the right to make the appropriate inference, or strike pleadings to the extent such an assertion

_____

[4] Much of the caselaw cited must appear familiar to the parties. That's because the federal district court for the Southern District of Florida adjudicated a similar motion to stay in related federal proceedings. See Gallego v. Perez, 2022 WL 783197 (S.D. Fla. March 15, 2022). Judge Bloom's analysis in lifting a previously entered stay provides an excellent exposition for the lack of authority to enter a stay in favor of Gallego under these circumstances.

goes to the heart of the relief sought. See Aguila v. Frederic, 306 So. 3d 1166, 1172 n.6 (Fla. 3d DCA 2020) ("While the order under review departs from the essential requirements of law, our ruling is not intended to divest the trial court of discretion to effect any other remedy to properly address the concerns involved with the invocation of the privilege against self-incrimination, including the decision to allow for adverse inferences."); see also Kerben v. Intercontinental Bank, 573 So. 2d 976, 978 (Fla. 5th DCA 1991) ("When a *plaintiff* in a civil action invokes the Fifth Amendment privilege, courts often dismiss the plaintiff's action or strike plaintiff's pleadings.") (citations omitted).

In sum, the trial court departed from the essential requirements of law in granting a stay under these circumstances and the failure to adjudicate the qualified immunity claim of the officers constituted irreparable harm. Therefore, we grant the petition and quash the trial court's order granting a stay of the proceedings below.

Petition granted; order quashed.

8