Humberto **PELLEGRINO** and
Pedro Claveria, Plaintiffs,

v.

Gerald **WENGERT**, a deputy with the Broward Sheriff's Office; Davis Acevedo, a deputy with the Broward Sheriff's Office; Leonard Smith, a deputy with the Broward Sheriff's Office; and Scott J. Israel, in his official capacity as Broward County Sheriff, Defendants.

CASE NO. 15–CIV–60535–BLOOM/Valle

United States District Court,
S.D. Florida.

Signed November 30, 2015

Filed December 1, 2015

David Wayne Brill, Joseph J. Rinaldi, Jr., Brill & Rinaldi, The Law Firm, Weston, FL, Michelle Yariz Medina-Fonseca, Miami, FL, for Plaintiffs.

Richard Thomas Woulfe, Louis Reinstein, Bunnell & Woulfe P.A., Robert Dominic Yates, Robert D. Yates, P.A., Fort Lauderdale, FL, for Defendants.

## *ORDER ON MOTION TO STAY*

BETH BLOOM, UNITED STATES DISTRICT JUDGE

**THIS CAUSE** is before the Court on Defendants Gerald Wengert ("Wengert") and Davis Acevedo's ("Acevedo") (collectively, "Defendants") Motion to Stay Case, ECF No. [76]. Having each received letters from the Assistant State Attorney in Charge of Special Prosecutions and Public Corruption Unit indicating that they were the subject of an investigation involving felony battery/use of force, Defendants seek a stay in this case, administratively closing it for a period of one hundred and twenty (120) days or upon resolution of the criminal proceedings, whichever is sooner. In the alternative, Defendants request a protective order as to the depositions and further discovery from Wengert and Acevedo, while allowing all other discovery to continue. For the reasons set forth below, Defendants' motion to stay the case is denied.

## I. BACKGROUND

Plaintiffs Humberto Pellegrino and Pedro Claveria (collectively "Plaintiffs") filed the instant action on March 13, 2015, alleging claims of excessive force under 42 U.S.C. § 1983 and Florida Common Law. ECF No. [1]. Plaintiffs allege that BSO police officers used excessive force against them while investigating a potential but nonexistent burglary. During that time, Plaintiffs allege that they cooperated with the BSO police officers and surrendered themselves to the BSO police officers, only to both be attacked by a police dog. Plaintiffs' allegations describe the attacks as lasting several minutes and resulting in severe injuries. On September 24, 2015, both Wengert and Acevedo received a let-

ter from the Assistant State Attorney in Charge of Special Prosecutions and Public Corruption Unit informing each deputy that he is "the subject of an investigation involving felony battery/excessive use of force." [1]

## II. DISCUSSION

■■■ "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir.1994) (citing *United States v. Kordel*, 397 U.S. 1, 12–13 & n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970)). "The [F]ifth [A]mendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in the future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir.1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973)). "However, the blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright*, 261 Fed.Appx. 259, 262–63 (11th Cir.2008). That is, "[a]bsent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Lay v. Hixon*, 2009 WL 1357384, at *2 (S.D.Ala. May 12, 2009); *Dean v. Douglas*, 2012 WL 6151137, at *3 (M.D.Ga. Dec. 11, 2012) (same).

■■■ "The Eleventh Circuit has articulated a narrow set circumstances which require that a stay be granted." *Global Aerospace, Inc. v. Platinum Jet Mgmt.,*

*LLC*, 2009 WL 2589116, at *1 (S.D.Fla. Aug. 19, 2009); *see also Court–Appointed Receiver of Lancer Mgmt. Grp. LLC v. Lauer*, 2009 WL 800144, at *2 (S.D.Fla. Mar. 25, 2009) (identifying "cases from outside this jurisdiction which utilize more lenient standards for staying civil proceedings when there is a pending criminal proceeding against the same defendant"). Courts here must consider "whether a defendant in both a civil and criminal matter is 'forced to choose between waiving his privilege against self-incrimination or losing the civil case in summary proceedings.'" *Shell Oil Co. v. Altina Associates, Inc.*, 866 F.Supp. 536, 540 (M.D.Fla.1994) (quoting *Pervis v. State Farm Fire & Casualty Co.*, 901 F.2d 944 (11th Cir.1990)). "[T]he mere possibility of disadvantage in a civil proceeding, such as that which might result from this adverse inference, is insufficient to justify a stay at [an early] point in the proceeding." *Lauer*, 2009 WL 800144, at *3. Rather, "[t]he law in the Eleventh Circuit requires consideration of whether, as a result of invoking the privilege, the defendant faces *certain loss* of the civil proceeding on summary judgment if the civil proceeding were to continue." *Lauer*, 2009 WL 800144, at *2 (emphasis added); *see United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir.1991), *as amended* (Nov. 5, 1991) ("[T]he invocation of the privilege must result in an adverse judgment, not merely the loss of his most effective defense.") (quotation omitted).

■■■ The Court finds that Defendants have not demonstrated this case meets the "narrow set of circumstances" requiring a stay. Defendants have not established

---

1. The body of each letter in full reads "This letter is to inform you that you are the subject of an investigation involving felony battery/excessive use of force. A prosecutor will be assigned to review this investigation. While

the investigation is pending, your name will be added to the "Brady List" maintained by the State Attorney's Office. At the conclusion of the investigation, you will be notified of the results." ECF Nos. [76–1] and [76–2].

that there is an "overwhelming degree of overlap" between Plaintiff's civil claims and the criminal investigation against the Deputies. *See Gonzalez v. Israel,* 2015 WL 4164772 at *3 (S.D.Fla. July 9, 2015). *See also Doe 1 v. City of Demopolis,* 2009 WL 2059311, at *3 (S.D.Ala. July 10, 2009) (noting that the degree of overlap is critical because absent such overlap there would be no need for a stay); *Love v. City of Lanett,* 2009 WL 2525371, at *2 (M.D.Ala. Aug. 17, 2009) ("[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay.") (citation omitted). Here, it is not even certain if the subject of investigation involves the same claims brought by Plaintiffs. Defendants posit that "there are no other cases that would seem to be the subject of the investigation regarding 'felony information/excessive force' which are the claims in this case"— particularly as this is believed to be the only incident in which a claim for excessive use of force has been made against Acevedo. Mot. at 3. Defendants further argue that the fact that the letters do not specify whether the investigation involves the same facts as this case only intensifies the need for each deputy to invoke the Fifth Amendment because Plaintiffs have also made *Monell* claims against the Sheriff's Office premised, in part, on the actions of deputies in *other* arrests.

However, whether or not the criminal investigation indeed covers the same incident that is subject to the instant suit, the State Attorney's letter merely indicates that an investigation has commenced. No indictment or similar charging document has been filed against Wengert or Acevedo. Courts have held that "[t]he absence of an indictment weighs heavily against a stay of a related civil case." *Young v. Peraza,* 2015 WL 4639736 at *2 (S.D.Fla. Aug. 4, 2015); *see Coquina Investments v. Rothstein,* 2011 WL 2530945 at *2 (S.D.

Fla. June 24, 2011) ("Most importantly, the Government has not indicted Mr. Spinosa, so no pending parallel criminal proceeding exists.") (citing *United States v. All Meat & Poultry Prods.,* 2003 WL 22284318 at *3, 2003 U.S. Dist. LEXIS 17677 at *8 (N.D.Ill. Oct. 3, 2003) ("[C]ourts generally require that an indictment be issued before they will grant a stay.")); *Safeco Nat. Ins. Co. v. Corbett,* 2009 WL 5031359 (M.D.Ga. Dec. 14, 2009) (denying a motion for stay because evidence shows there is no pending criminal action, including an indictment and, therefore, no need for a stay). Defendants attempt to distinguish *Young,* arguing that—in contrast to the instant case—the *Young* motion to stay was denied because the incident had happened two years prior with still no indictment. However, this argument supports the opposite contention—it indeed demonstrates the potential for continued delay within a criminal investigation and further negates the argument that Defendants' exposure to criminal penalty is not "merely hypothetical." *See Gonzalez,* 2015 WL 4164772 at *3. *See also Safeco,* 2009 WL 5031359 at *2 ("[I]f the Court was to issue a stay pending the resolution of the alleged pending criminal action, then the length of the stay may be indefinite. An indefinite stay is not in the interest of either party or this Court.").

Defendants further assert that without a stay entered in this case, they face a "Hobson's choice of waiving their privilege against self-incrimination or losing this civil case in summary proceedings." Mot. at 2. However, Defendants have not established that they face all but "certain loss" should the civil proceedings continue. *See Lauer,* 2009 WL 800144, at *2. Indeed, Defendants have failed to show, at this stage of the proceedings, why they "cannot substantiate [their] defense by using the testimony of other parties, expert testimony, or other evidence." *Coquina Investments,* 2011 WL 2530945 at *2; *see Young,*

2015 WL 4639736 at *2 (”[Defendant] does not discuss any specific factual issue of his defense herein that he would forfeit by invoking his Fifth Amendment privilege. To the contrary, it appears at this early stage of the litigation that [Defendant] may be able to present his defense with evidence other than his own testimony, such as testimony from the multiple witnesses to the shooting or expert testimony."). *See also Global Aerospace,* 2009 WL 2589116, at *1 (finding that, at early stage in proceedings, argument that factual overlap between the civil and criminal cases would require abrogation of the movant's Fifth Amendment privilege was too broad and, therefore, "akin to a 'blanket' assertion"); *A.B. ex rel. Baez v. Seminole Cnty. Sch. Bd.,* 2005 WL 2614622, at *2 (M.D.Fla. Oct. 14, 2005) (requiring movant to "assert her privilege against self-incrimination ... on a question-by-question basis"). Defendants argue that there are no other eye witnesses or experts identified who will be able to testify as to whether excessive force was used. Defendants specifically assert that Plaintiffs have alleged that their friends Jose and Johnny were told to "look away and not watch" the alleged excessive force and, therefore, Plaintiffs cannot claim that their friends even witnessed the incident. However, this does not necessarily mean that Plaintiffs' friends did not see or at least hear the events during which they were present. Neither have Defendants mentioned their co-Defendant, Deputy Leonard Smith, who was also allegedly present during the incident and who is not currently subject to the criminal investigations at issue. *See* ECF No. [37]. Defendants' conclusory argument is insufficient to establish that there are no other witnesses to substantiate Defendants' defense.

■ A district court, in exercising its discretion to stay a civil case, "may consider the interest of the plaintiff in proceeding expeditiously, the burden on the defendant, and the public interest." *Young,* 2015 WL 4639736 at *2 (citing *Yeomans v. Forster & Howell, Inc.,* 2009 WL 2960387 at *1 (M.D.Ala. Sept. 10, 2009). Given the tentative nature of the criminal investigation, it is against the public interest to grant a stay that could last indefinitely. As the *Young* court reiterated, "Defendants may renew their request at a later stage in the proceedings upon a material change in circumstances." 2015 WL 4639736 at *2.

In the alternative, Defendants request a protective order as to their depositions and further discovery from Wengert and Acevedo, while allowing all other discovery to continue. Defendants indicate that they have no objection to non-party witnesses being deposed and non-party discovery continuing, which is also necessary by all parties. For the reasons stated above, a protective order as to the depositions and discovery from Wengert and Acevedo is not required. As such, that request is, accordingly, denied. To the extent that Defendant Acevedo's deposition on November 30, 2015 was likely rescheduled, the Court notes that the officers are required to attend any scheduled depositions.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Gerald Wengert and Davis Acevedo's Motion to Stay Case, ECF No. [76], is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of November, 2015.