Mark John YOUNG, Plaintiff,

v.

**MIAMI–DADE COUNTY,**
et al., Defendants.

CASE NO. 16–23852–CIV–ALTONAGA

United States District Court,
S.D. Florida.

Signed 11/08/2016

Michael James Corey, Thomas Richard Poole, Curt David Obront, Obront Corey, PLLC, Miami, FL, for Plaintiff.

Ezra Saul Greenberg, Miami, FL, for Defendants.

## ORDER

Cecilia M. Altonaga, United States District Judge

**THIS CAUSE** came before the Court upon Defendant, Miami–Dade County's (the "County['s]") Motion to Stay Proceedings ... ("Motion to Stay") [ECF No. 9], filed October 11, 2016. After a hearing [ECF No. 12] on the Motion to Stay, Plaintiff, Mark John Young ("Young") filed his Response ... ("Response") [ECF No. 13] on October 20, 2016. Miami–Dade County submitted a Reply ... ("Reply") [ECF No. 19] on November 4, 2016. The Court has considered the record, the parties' written submissions, and applicable law.

This civil action arises out of Young's alleged beating by County correctional officers [1] in September 2014 and Defendants' subsequent failure to provide medical care while Young was in Miami–Dade Corrections and Rehabilitations Department custody. (*See* Mot. to Stay 1; Resp. 1–2). The State Attorney is currently investigating the incident.[2] (*See* Reply 8). The County does not have, and says it cannot obtain, access to the investigative file until the investigation closes. It seeks a temporary stay, claiming it will be unable mount a proper defense without this evidence. Young objects, stating he will be unfairly prejudiced by the indefinite delay resulting from a stay due to the uncertain status of the State Attorney investigation. (*See generally* Resp.).

District courts have broad discretion in deciding whether to stay proceedings, incidental to their powers to control and efficiently manage their dockets. *See, e.g., Coquina Invs. v. Rothstein*, No. 10–60786–CIV, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "A court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interest of justice.'" *Pellegrino v. Wengert*, 147 F.Supp.3d 1379, 1381 (S.D. Fla. 2015) (quoting *United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994)). "Absent special circumstances, the mere existence of parallel criminal and civil proceedings does not mandate entry of a stay of the latter." *Id.* (internal alteration omitted) (quoting *Lay*

---

1. Aside from the County, the Complaint names seven County officers and employees (the "co-defendants" or together with the County, "Defendants") as individual Defendants. (*See* Complaint 1 [ECF No. 1]).

2. After the criminal investigation is concluded, the Miami–Dade Corrections and Rehabilitations Department Professional Compliance Bureau will conduct its own administrative investigation to determine whether any employment discipline is appropriate. (*See* Mot. to Stay 2).

*v. Hixon*, No. CIVA 09–0075–WS–M, 2009 WL 1357384, at *2 (S.D. Ala. May 12, 2009)). In assessing whether a stay is appropriate, the Court must "weigh competing interests and maintain an even balance." *Winn–Dixie Stores, Inc. v. Big Lots Stores, Inc.*, No. 9:11–80638–DMM, 2012 WL 1890547, at *1 (S.D. Fla. May 11, 2012) (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163).

■ Weighing the parties' interests, the Court finds special circumstances tip in favor of granting the stay. The County's interest in a stay arises from its near-complete inability to defend itself against Young's allegations. In the absence of a stay, the County will be forced to proceed without perhaps the most probative evidence at issue in the case—the eyewitness accounts of the officers and witnesses involved in the disputed incident. (*See* Reply 2–3). These materials are presently inaccessible either by virtue of a federal qualified privilege protecting disclosure of information contained in criminal investigative files[3] or because of the individual Defendants' possible invocation of the Fifth Amendment privilege against self-incrimination. (*See* Mot. to Stay 11).

■ Young insists imposition of a mandatory stay pending a criminal proceeding requires consideration of whether a defendant faces "certain loss," as opposed to "mere possibility of disadvantage," in the civil case due to invocation of the privilege. (Resp. 9 (emphasis omitted) (quoting *Harris v. City of Boynton Beach*, No. 9:16–CV–80148, 2016 WL 3747680, at *2 (S.D. Fla. 2016))). However, strict invocation of the Fifth Amendment privilege is not a necessary condition for granting a stay;

the Court *must* grant a stay if such loss is present but *may* grant one even when the loss is not actively present. *See Lot 5, Fox Grove*, 23 F.3d at 364; *see also Perkins v. City of Miami Beach*, No. 14–CIV–21923–UNGARO [ECF No. 56] 3 (granting a stay because if the "cases were allowed to proceed, Defendants *may* choose to assert their Fifth Amendment rights, which *may* lead to an adverse judgment against Defendants" (emphases added)).

The Court is persuaded a stay is appropriate given the County's unique status as a governmental defendant without its own first-hand account of the incident. Courts have denied stays where the defendant is deemed able to substantiate its defense using evidence other than its own testimony, for instance, using testimony from other witnesses. (*See* Resp. 8 n.11 (citing cases)). This path is not open to the County, which must necessarily rely on the statements of Co–Defendants and other potential as-yet-unknown eyewitnesses to arm its defense. (*See* Mot. to Stay 12–13 (citing cases)). That the County might possess a "wealth" of other evidence (Resp. 7), does not remove the prejudice to the County if the stay is denied when the most crucial evidence remains inaccessible.

Turning to Young, the interest in proceeding with the litigation stems from a desire to avoid delay given his poor health and the increasing unreliability of eyewitness evidence over time. While Young cites his ill health, he does not indicate how his fragile condition might be more burdened by a stay than by the certain delays resulting from attempts to obtain information from the State Attorney. (*See* Resp. 11). He is not prejudiced by the timing of the

---

**3.** Both Young and the County acknowledge the existence of the federal qualified privilege (*see* Mot. to Stay 7–8; Resp. 5), but Young argues because the State Attorney has not asserted the privilege, the Court is unable to analyze the privilege claim under governing

law (*see* Resp. 6). Although the State Attorney has not formally objected to a discovery request (*see* Resp. 6–7), the County confirms the Assistant State Attorney would not produce the files voluntarily (*see* Reply 5 n.2).

County's Motion, which has come at the earliest stage.[4] Courts denying stays have sometimes cited the fact movants waited until after discovery was completed or waited until after it had been ongoing for several months. *See Harris*, 2016 WL 3747680, at *1–2 (denying defendant's motion to stay filed six months into discovery); *Coquina*, 2011 WL 2530945, at *2 (denying defendant's motion to stay filed after close of discovery). In contrast, no discovery would be abandoned here and no court deadlines postponed. Granting the stay now ensures the starting pistol is fired when appropriate, rather than stopping the case mid-race.

The Court is sympathetic to Young's suggestion the unknown status of the criminal investigation might effectively lead to an indefinite stay (*see* Resp. 11), but is not persuaded denial of the stay is the most effective solution at this time. The more prudent course is to permit a temporary stay and to require periodic updates on the status of the State Attorney's investigation. This approach protects against unwarranted delay and vindicates the Court's desire to efficiently manage its cases. Both parties, not to mention the Court, stand to benefit from a fuller and more comprehensive case file.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Miami–Dade County's Motion to Stay [**ECF No. 9**] is **GRANTED**. The above-style action is **STAYED** pending completion of the State Attorney and the Miami–Dade Corrections and Rehabilitations Department Professional Compliance Bureau investigations. The Clerk is directed to mark the case **CLOSED** for statistical purposes only.

2. The parties shall submit a joint status report **every sixty (60) days**, advising the Court of the progress of the criminal investigation. This Order shall not prejudice the rights of the parties to this litigation.

**DONE AND ORDERED** in Miami, Florida this 8th day of November, 2016.

---

4. Young served the County on September 23, 2016 (*see* Mot. to Stay 2 n.2), and the County filed the Motion to Stay well within the allotted time for answering the Complaint (*see* Reply 7 n.4).